# Louisville & Nashville R. R. Co. *v.* Robinson, Administratrix.

*Action by Administratrix against Railroad Company*
*to recover for Alleged Negligent*
*Killing of a Child.*

1. *Action against a railroad company for killing a child; amendment of complaint, when no departure.*—In an action against a railroad company brought by the mother of a deceased child, as the administratrix of the child's estate, to recover damages for the alleged negligent killing of said child, where in the complaint it is averred that the plaintiff as such administratrix "brings this action under section 25 of the Code," a subsequent amendment of said complaint, by striking out the words just quoted, does not constitute a departure from the cause of action as stated in the original complaint, nor add an entire new cause of action.

2. *Action against railroad company for killing child; charge as to impossibility to stop train.*—In an action against a railroad company to recover damages for the alleged negligent killing of a child, where the evidence shows that the accident occurred at a public street crossing in a city, and that as the train was approaching such crossing, the child ran across the track in front of the approaching train, and then suddenly turned around and started back across the track, and was killed in attempting to so go back across the track, and the evidence for the plaintiff tended to show that the train was going at a rapid rate of speed, while the evidence for the defendant tended to show it was going at a rate not exceeding 10 miles an hour, and that the whistle was blown and the bell was rung, and after the child was discovered upon the track in front of the train, the engineer did all in his power to stop the train, but there was evidence from which the jury might conclude that the speed of the train might have been diminished to such an extent after the engineer discovered the child's peril, as to have afforded her an opportunity to escape, a charge is erroneous and properly refused which instructs the jury that if "plaintiff's intestate suddenly and without

warning ran on the track of the defendant, so near to the front of the train that it was impossible to stop the train in time to prevent the accident by using all the applications known to skilful engineering, then the verdict must be for the defendant."

3. *Action against railroad company by administratrix; charge of court to jury.*—In an action against a railroad company by an administratrix to recover damages for the alleged killing of plaintiff's intestate, a charge to the jury requested by the defendant, which instructs the jury that "No duty existed by defendant to plaintiff either as to rate of speed or as to efforts to stop the train, so long as she was running from track of defendant's railroad," is inaccurate and misleading in the use of expression "no duty existed by defendant to plaintiff;" the plaintiff being the administratrix of the person who was killed, and not having been present when the accident occurred, and having no connection with it, or with the defendant at the time.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. J. A. BILBRO.

This action was brought by the appellee, Nancy Robinson, as administratrix of the estate of Corinne Green, against the Louisville & Nashville R. R. Co., to recover damages for the alleged negligent killing of the plaintiff's intestate; and was instituted on December 17, 1898. The killing occurred on March 7, 1897. The complaint contained several counts, in each of which is the following statement: "Plaintiff who sues as the administratrix of the estate of Corinne Green, and brings this action under the provisions of Section 25 of the Code of 1898, claims of the defendant," etc.

There was a demurrer to each count of the complaint upon the ground that at the time of the institution of the suit, the claim was barred by the statute of limitation. This demurrer was overruled.

On May 20, 1899, the plaintiff amended her complaint by striking out the words: "brings this action under Section 25 of the Code of 1898." The defendant objected to such amendment of the complaint upon the ground that it introduces a new cause of action, and also that the claim sought to be enforced by the complaint as amended, was barred by the statute of limita-

tion. The court overruled the objection, and allowed the complaint to be amended. After the amendment of the complaint, the defendant demurred to the complaint as amended upon the ground that it was a departure from the original cause of action, and by the amendment there was introduced a new cause of action. This demurrer was overruled. All the other facts of the case are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff, assessing her damages at $900.00. From this judgment the defendant appeals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

J. M. FALKNER and GEO. W. JONES, for appellant. The amending of the complaint by striking out the statement in each of the counts that the suit was brought under Section 25, was the introduction of a new cause of action, and therefore should not have been allowed.—*Insurance Co. v. DeJarnette*, 111 Ala. 2257; *Insurance Company v. Randall*, 74 Ala. 170; *Anniston & Atlantic R. R. Co. v. Ledbetter & Farmer*, 92 Ala. 326.

That there was introduced a new cause of action by the amendment, is demonstrated by the fact that under the complaint as originally drawn, the damages recoverable were compensatory and not punitive, while under the complaint as amended, the damages recoverable were punitive.—*Williams v. S. & N. Y. R. R. Co.*, 91 Ala. 635; *R. & D. R. Co. v. Freeman*, 97 Ala. 289; *K. C. & B. R. Co. v. Phillips*, 98 Ala. 159; *Buckalew v. T. C. I. & R. Co.*, 112 Ala. 146.

W. T. MURPHREE and DORTCH & MARTIN, *contra.* Charge 27 requested by the defendant was erroneous. Whether the defendant was to be blamed for the accident, cannot be determined by the impossibility to stop the train in time to prevent the accident. If the train had been slackened, the injury would not have occurred. The charge instructed the jury that the train must have had time to stop, and prevented their consideration of the conservation of the safety of the child by slackening

the speed without stopping the train.—*Louisville & Nashville R. R. Co. v. Orr, Admr.*, 121 Ala. 502.

The other charges which the court refused the defendant were erroneous.—*Buckalew, Admr. v. Tenn. Coal, Iron & R. R. Co.*, 112 Ala. 146; *Birmingham Ry. & Elec. Co. v. The City Stable Co.*, 119 Ala. 621; *Louisville & Nashville R. R. Co. v. Webb*, 97 Ala. 315.

HARALSON, J.—It is admitted by counsel for defendant, that section 25 of the Code relates to a mere injury to a minor child, and that neither the father, nor the mother,—the father on account of his disabilities as named in said section being precluded from suing,— can bring an action for injuries to a minor child, when the death of the minor is caused.—*Woodward I. Co. v. Cook*, 124 Ala. 349; *Williams v. S. & N. A. R. Co.* 91 Ala. 635.

Each of the counts in the complaint, the suit having been instituted by the mother as administratrix of the deceased child,—the father being dead,—to recover damages from the defendant for the alleged killing of the child, contains the words, "and brings this action under secton 25 of the Code of 1898." The complaint shows upon its face, that the action could not be main tained under that section. In addition to what has been stated, as to the construcion of section 25, the suit was not instituted until more than twelve months after the child was killed, at which time suit under said section was barred by the statute of limitations of one year.—Code 1896, § 2801.

The words of the counts above quoted, that the action was brought under section 25, were entirely superfluous, and really had no proper place in them. It is admitted by counsel for defendant that this averment was a mistake. However, the complaint was demurred to, as showing on its face; that the suit was barred by the statute of limitations of one year, at the time it was instituted. The plaintiff afterwards, amended each count by striking out those words, and as thus amended, the complaint was good under section 27 of the Code, under which this action is appropriately brought, and

not barred until two years from and after the death of the intestate. Under this section the damages are punitive,—to prevent homicides,—and not compensatory only as under section 26.—*William's Case, supra; Buckalew v. T. C. & I. Co.* 112 Ala. 148; *A. G. S. R. Co. v. Burgess,* 116 Ala. 515.

The contention of defendant is, that by striking out the words referred to in the complaint, it left an action under section 26 and not under section 27 of the Code, and that the action was barred in one year.—Code 1896, 2801, Subd. 5. But this is a mere assumption on the part of the pleader. If the action with those words stricken, left a cause of action under section 27, and good in all respects, under the terms of that section, it will be upheld as instituted thereunder.

The amendment did not constitute a departure from the original complaint, nor add an entire new cause of action. The cause of action was the same after as before the amendment.—*S. F. & M. Insu. Co. v. DeJarnett,* 111 Ala. 257; *C. of G. R. Co. v. Foshee,* 125 Ala. 201, 223; *Crimm v. Crawford,* 29 Ala. 626.

There were demurrers to the complaint and other pleadings in the cause, and errors assigned to various rulings of the court, other than the one just considered, but we confine ourselves to such as are insisted on. There are only two of these,—to the refusal of the court to give charges 21 and 27, requested by the defendant.

The evidence for the plaintiff tended to show, that the child, who was between 6 and 7 years of age, was killed where 12th street in the incorporated city of Gadsden, crosses the defendant's track in said city; that it was in the day time, and the deceased child, in company with two others, was approaching the tracks of the railroad, at the time when the train was approaching; that as they got near the track, two of them stopped and the deceased went on, across the tracks, and seeing her companions did not follow, turned and attempted to run back to them, and was run over by the train as she got on the track and was knocked off and killed; that the crossing, as one of the witnesses,—corroborated by others,—stated, "is used a great deal, hardly any time that

people are not passing over it, thoroughfare for foot travelers, wagons and buggies;" that the train was running fast, or at a good rate of speed, as some of the witnesses expressed it, and one or more said it was running ten miles an hour, and that no bell was rung or whistle blown, and the child was knocked on the right side of the track, 35 feet east of the crossing, and as one of the witnesses expressed it, when the train struck her, it pitched her higher than his head.

The evidence tended to show, that the child when first discovered, was 150 feet from the train, and the engineer testified that he could not stop under 100 or 125 feet; that the train ran beyond the crossing some 70 or 80 yards before it finally stopped; that the hotel, some 60 or 70 feet long, is about 32 feet from the track of the road, with a coal house in its rear and about 15 feet from the track. It also tended to show, that when the child started back, the train was about at the coal house of the hotel.

The evidence of R. Nicholson for defendant was, that he saw the accident; heard the train coming and the whistle blow; saw the children running towards the track, and when near it, about fifteen feet away, the oldest child took hold of the youngest's hand and stopped, and the other ran across the track,—the train being about 30 feet away,—when she turned and ran back in front of the train; that the train was going the usual good rate of speed, and he did not see any slack of its speed, until after the train struck the child; that he heard the whistle blow and the bell ring before they got to the crossing, and that the engine knocked the child some 30 or 35 feet. He also testified that the train had all the modern appliances for its operation.

Keith testified, he was fireman and was ringing the bell; that when they got in 15 or 20 feet of the crossing, the little girl ran across the track, and then ran right back in front of the engine; that he shouted to the engineer to stop, and he applied the emergency brakes and did all he could to stop; that the speed was about ten miles per hour; the train was well equipped, and he and the engineer were keeping a proper lookout; that the

engine was 5 or 6 feet from the child, when it started to re-cross the track, and nothing was omitted to be done that could have been done to prevent striking the child; that if the train had been running 4 or 5 miles an hour, it could not have been stopped in time to avoid striking the child. The evidence of the engineer tended to corroborate this witness's testimony.

Charge 27 requested for defendant was: "The court charges the jury, that if the jury are satisfied reasonably from the evidence, that the defendant's engineer blew the whistle and rang the bell as the train was approaching said 12th street crossing, and that the train was run at a moderate rate of speed at or near said crossing, at the time of the accident; that plaintiff's intestate suddenly and without warning ran on the track of the defendant, so near to the front of the train that it was impossible to stop the train in time to prevent the accident, by using all the applications known to skillful engineering, then the verdict must be for defendant." It will be observed, that this charge predicates the freedom of defendant from liability on the inability of the engineer to stop the train in time to prevent the accident, when and if the child suddenly and without warning ran on the track in front of the engine.

Without reference to the much mooted question by counsel, if it was not the duty of the employes of the train to run it at such a speed on approaching the place, and to retain such control over it as to be able to bring it to a full stop before striking the child, and that it would be negligence not to so operate it, it was open to the jury, under the evidence, to conclude, that *the speed of the train* might have been diminished, to such an extent, after the engineer discovered the child's peril, as to afford her opportunity to escape. This question was clearly within the issue, and the charge in question ignored it.—*C. of G. R. Co. v. Foshee,* 125 Ala. 199, 221; *L. & N. R. Co. v. Orr,* 121 Ala. 490, 502.

The 21 refused charge was, that "No duty existed by defendant to plaintiff either as to rate of speed or as to efforts to stop the train, so long as she was running from the track of defendant's railroad." This charge is in-

accurate and misleading in the use of the expression "No duty existed by defendant to plaintiff." The plaintiff who is the administratrix of the child that was killed, was not present when the accident occurred, and had no connection with it or with the defendant at the time.

In the matters assigned as error and insisted on as such, there does not appear to have been error, and the judgment must be affirmed.

Affirmed.