# Ray v. Brannan.

## Automobile Accident.

### (Decided May 18, 1916. 72 South. 16.)

1. **Motor Vehicles; Ordinances; Right of Way.**—A city ordinance providing that vehicles going in certain directions should have the right of way over vehicles going in other directions, does not mean that a vehicle not having the right of way at a crossing must at its peril avoid collision with a vehicle having a right of way, irrespective of care or negligence by either party.

2. **Negligence; Contributory.**—The right of one to expect the observance of specific legal duties by others does not excuse him from observing the specific duties imposed by law on himself, and if he fails to do so, and is proximately injured thereby, he cannot recover.

3. **Same; Jury Question.**—Where plaintiff had violated no specific legal duty so as to become guilty of negligence per se, the extent to which he may rely upon defendant's observance either of specific duty or general due care to avoid the injury is a question for the jury.

4. **Motor Vehicles; Collision; Jury Question.**—In this case, under the evidence whether plaintiff exercised due care as to rate of speed at a street intersection, was a question for the jury.

5. **Charge of Court; Ignoring Issues.**—Although abstractly correct, a charge which ignores issues raised by the evidence is properly refused.

6. **Appeal and Error; Harmless Error; Evidence.**—Where the action was for damages caused by an automobile collision at a street crossing, and defendant had the right of way by ordinance, it was highly prejudicial to exclude a statement by the plaintiff that he could not see or estimate the position of defendant's car on the intersecting street when he first saw defendant, it appearing that plaintiff saw defendant's car 10 or 15 feet before plaintiff reached the intersecting street; such statement being highly relevant to the question of plaintiff's due care in the effort to avoid the collision.

7. **Evidence; Opinion.**—Where the question was whether in witness's opinion plaintiff's car ran into defendant or vice versa, it was properly excluded as being the mere opinion of the witness.

APPEAL from Mobile Law and Equity Court.

Heard before HON. SAFFOLD BERNEY.

Action by Paul B. Ray against Thomas Brannan for damages for personal injuries suffered in an automobile accident. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals, under section 6, p. 449, Acts 1911. Reversed and remanded.

The complaint charges: First that the servant of defendant so negligently drove defendant's car as to collide with plaintiff's car at the intersection of Warren and Government streets in the city of Mobile; and, second, that said collision was due to the failure of said servant to keep reasonably near the right hand curb of Government street as required by city ordinances. The general issue was interposed, and several pleas of contributory negligence, setting up substantially that plaintiff negligently approached the street intersection at such a high rate of speed that after he saw, or should have seen, defendant's approaching car, he was unable to stop his own car; and in connection with the same allegation that a city ordinance further provides that police, five departments, patrol, ambulance, and United States mail vehicles shall have the right of way through any street and any procession, and that, subject to the foregoing exceptions, and everything being equal, all vehicles going in an easterly and westerly direction shall have the right of way over all vehicles going in a northerly and southerly direction, and that plaintiff's car was not one of the excepted vehicles, and that plaintiff negligently attempted to cross said street intersection in his car at a speed greater than 15 miles an hour, in violation of the city ordinance forbidding such excessive speed; and that plaintiff negligently attempted to turn westward around such corner of Government and Warren streets at a speed greater than 10 miles an hour, in violation of the city ordinance prohibiting such excessive speed. The pleading and the evidence shows that Warren street runs north and south, and Government street runs east and west, and that plaintiff was driving along Warren and defendant along Government street. The evidence is in conflict as to the speed of the colliding cars, and as to their relative position with respect to the right-hand street curbing, and to each other, both before and at the time of the collision. There were tendencies of the evidence from which the jury might have found that plaintiff's car was traveling northward near the right-hand

curb at 7 or 8 miles an hour, and that defendant's car was proceeding westward south of the center line of the street at a speed up to 18 miles an hour.

The chief question presented by the assignments of error is upon the following charge given to the jury at the request of defendant: "Under the ordinances of the city of Mobile, Mr. Brannan's car had the right of way on Government street over Mr. Ray's car, and it was the duty of Mr. Ray, when approaching Government street over Warren street, to have his car under such control as to be able to avoid a collision with vehicles using Government street in an east and west direction, and if you are reasonably satisfied from the evidence that Mr. Ray did not so approach Government street, and that the accident complained of proximately resulted from his failure to do so, then your verdict should be for defendant."

STEVENS, MCCORVEY & MCLEOD, for appellant.   BESTOR & YOUNG, for appellee.

SOMERVILLE, J.— (1) The written charge given to the jury at the defendant's request was, in effect, an affirmative instruction to find for the defendant.  The proposition of law it declares is that, since vehicles traveling on Government street have the "right of way" at the crossing over vehicles traveling on Warren street, a vehicle on Warren street must at its peril avoid collision with a vehicle on Government street, no matter how carefully and lawfully the former, and no matter how recklessly and unlawfully the latter, may be traveling.

This is not sound law, and the "right of way" ordinance cannot be reasonably construed as declaratory of such a result.  It very clearly means that when a vehicle on each of these streets approaches their intersection, visible to each other, at such a time and such a speed as would render their collision imminent if one should not give way to the other, then the vehicle going north or south must, at its peril, be so conducted, circumstances permitting, as to allow the vehicle going east or west to safely pass in front.  The conditions of traffic on intersecting streets may reasonably require that such priority be given to one street over another.

But the mere fact that one vehicle has the "right of way" over others crossing its path does not release the vehicle thus

favored from the duty of exercising due care not to injure the others at the place of crossing. On the contrary, the duty of due care to avoid collisions remains reciprocal, and the driver of each vehicle may, within reasonable limits, rely upon the discharge of his duty by the other—including, among other things, the reasonable observance of those municipal regulations with respect to speed and position, which are designed not only to facilitate traffic and travel, but also to make it safe for the public as far as is humanly possible.—*Weatherly v. N. C. & St. L. Ry.*, 166 Ala. 575, 584, 51 South. 959; 33 Cyc. 924; *A. G. S. R. R. Co. v. McDaniel,* 192 Ala. 639, 69 South. 60.

(2) But this right to expect the observance of specific legal duties by others does not excuse any one from observing the specific duties imposed by law upon himself; and his failure to do so, if the proximate cause of his injury, would as a matter of law defeat his right of recovery.—*L. & N. R. R. Co. v. Mothershed,* 97 Ala. 261, 268, 12 South. 714; *A. G. S. R. R. Co. v. Roach,* 110 Ala. 266, 20 South. 132.

(3) When, however, the plaintiff has violated no specific legal duty so as to become guilty of negligence per se, the extent to which he may rely upon the defendant's observance either of specific duty, or general due care to avoid injuring him, is a question for the jury under the circumstances of each case.

(4) So, in this case, if the plaintiff was observing the specific duties enjoined upon him by the traffic ordinances, he was not bound to approach the crossing at a lower rate of speed than would be reasonably necessary to secure to the defendant a safe right of way, assuming that the defendant was also observing the same duties as to speed and position, as prescribed by law. What speed would reasonably conserve this purpose would depend upon the width of the streets, the number of vehicles using the crossing, the scope of the drivers' view, and the facility with which cars can be halted or controlled. The plaintiff's duty was one of due care under the circumstances, and the question was necessarily one of fact for the jury.

It is quite clear that the charge under consideration was both erroneous and prejudicial, and its giving to the jury must work a reversal of the judgment.

We do not think that the qualifying clause, "everything being equal," in the right of way ordinance, has any bearing on the present case. It doubtless has reference to the preferred classes

of vehicles enumerated in the first part of the section, but very clearly not to any equality in the observance of traffic regulations by the crossing vehicles.

(5) Charge 4 refused to plaintiff is abstractly correct, but would have been misleading as applied to the issues of the instant case, since it ignored the qualifying effect of contributory negligence by plaintiff.

Charge 7 refused to plaintiff ignored the question of defendant's right of way over plaintiff, and plaintiff's obligations with respect thereto; and omitted, also, the predicate that the collision was the proximate result of defendant's violation of the ordinance.

Each of these charges was therefore properly refused.

(6) We think it was clearly competent for plaintiff, who it appears saw defendant's car 10 or 15 feet before he (plaintiff) reached Government street, to state that he could not see or estimate its position on Government street when he first saw it coming. This was highly relevant to the question of plaintiff's due care in the effort to avoid the collision. In excluding the question designed to elicit this fact, there was prejudicial error to plaintiff.

(7) On the other hand, whether plaintiff's car ran into defendant's, or vice versa, would have been, under the facts shown, a mere opinion of the witness, and the question was properly excluded.

For the errors noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.