(92 South. 185)

## MOBILE LIGHT & R. CO. v. McDONNELL.
### (1 Div. 211.)

(Supreme Court of Alabama. Dec. 22, 1921. Rehearing Denied Jan. 19, 1922.)

1. **Street railroads ⊕⟹110(2)—Pleas of contributory negligence in failing to look held sufficient.**

Pleas alleging that it was the duty of plaintiff's chauffeur, before crossing defendant's street car tracks, to look for an approaching car, and, if he saw a car near a curve in the track which he was about to cross, to continue to observe its motion, that the chauffeur attempted to cross the track without watching the car, and, if he had observed it he could have avoided the collision by slackening the speed of the automobile, or by going around the street car, and that his failure to do so proximately contributed to the injury, are sufficient to allege contributory negligence, and demurrers thereto should have been overruled.

2. **Street railroads ⊕⟹102(2) — Chauffeur's violation of ordinance no defense unless proximate cause of injury.**

In an action for damages to an automobile which collided with a street car, a plea alleging that the violation by plaintiff's chauffeur of a city ordinance requiring vehicles to keep reasonably near the right-hand curb, and limiting the speed of an automobile to 15 miles an hour at street intersections, without alleging that such violation proximately contributed to the injury, was demurrable.

3. **Street railroads ⊕⟹99(12) — Chauffeur observing street car sign not relieved of duty to look.**

Where a street car approaching an intersection at which a track turned into the intersecting street had a sign indicating that the car was going straight ahead, but it was customary for the street car employés to change the sign at that intersection, of which fact the plaintiff's chauffeur had knowledge, it was contributory negligence for the chauffeur, after noticing the sign before the car had reached the switch, to fail to look again before he crossed the turning track to see whether the street car was going straight ahead or making the turn.

4. **Street railroads ⊕⟹110(2)—Replication to plea of contributory negligence held insufficient in failing to allege position of street car observed.**

A replication to pleas of contributory negligence, alleging that plaintiff's chauffeur observed that the street car, which subsequently collided with the automobile, had a sign indicating it was going straight ahead, without alleging the position of the car at that time with reference to a switch at which the car turned across the path of the automobile, and at which point it was customary to change the signs on the cars, was insufficient, and demurrer thereto should have been sustained.

5. **Street railroads ⊕⟹110(2) — Replication to plea of contributory negligence held defective in not alleging inability to avoid collision.**

A replication to a plea of contributory negligence alleging inability of plaintiff's chauffeur, with the means at hand, to stop the automobile in time to avoid the accident after discovering that the street car was turning at a switch and not going straight ahead, was defective for failing to allege that the collision could not have been avoided by changing the speed of the car or by turning to one side.

6. **Street railroads ⊕⟹102(1)—Replication to plea of contributory negligence held defective in failing to show violation of ordinance was proximate cause of injury.**

A replication to a plea of contributory negligence, which alleged that a city ordinance giving vehicles moving in the direction of plaintiff's automobile the right of way over vehicles moving in the direction of defendant's street car, was defective where it failed to aver facts showing that the failure of the street railroad company to observe the ordinance was the proximate cause of the injury.

7. **Street railroads ⊕⟹85(2)—Automobile driver having right of way not excused from duty to look.**

The fact that a city ordinance gave the vehicles proceeding in the direction in which plaintiff's automobile was traveling the right of way over vehicles in the direction from which the street car approached did not relieve plaintiff's chauffeur from the duty of looking for an approaching car before crossing the track.

8. **Street railroads ⊕⟹110(1)—Counts relying on ordinance giving automobile right of way held sufficient.**

Counts setting up a city ordinance giving the automobile, under the circumstances, the right of way over the street car, and alleging that defendant's servants negligently failed to look out for the automobile, and by reason thereof caused the street car to collide with the automobile, and negligently failed to avoid the automobile, which proximately caused the collision, are sufficient.

9. **Appeal and error ⊕⟹1078(3) — Failure to argue ruling waives objection to it.**

Rulings of the court on pleas which are not discussed in the briefs and arguments of the attorneys are waived.

10. **Trial ⊕⟹253(3)—Charge on last chance held to exclude possibility of avoiding accident.**

A charge permitting recovery if the motorman saw plaintiff's automobile approaching too close to be able to stop, and, after seeing it, caused defendant's car to turn upon the track, and thereby caused the collision, was erroneous for failing to require a finding also that the collision could not have been avoided by changing the speed of the automobile, or by turning it aside.

11. **Trial ⊕⟹191(6), 240—Requested charges on duty to change street car signs held argumentative and erroneous as assuming facts.**

In an action for damages to an automobile which collided with a street car, turning at a

switch contrary to the indication given by the sign on the car, a requested charge that the defendant owed no duty to the plaintiff to remove the sign from the front of its car at any moment before the car actually started around the curve, and that, if plaintiff's chauffeur did not see the car as it started around the curve, the failure to change the sign could not be regarded as the cause of the collision, was properly refused as argumentative, and as failing to include the hypothesis of belief from the evidence, thereby assuming facts.

**12. Trial ⬤⇒240, 252(7) — Requested charge held properly refused as argumentative and abstract in part.**

A requested charge, in action for damages to automobile which collided with street car, that neglect by a street car company of a rule established for the protection or convenience of its passengers is not negligence supporting recovery for injury received by a stranger who relied on the performance of such duty, and on account of such reliance failed to exercise due diligence to keep a lookout for approaching cars, was in the alternative, and some of the alternatives were abstract, and the charge, as a whole, was argumentative, so that it was properly refused.

**13. Trial ⬤⇒191(6)—Requested charge held to invade province of jury, and assume fact contrary to evidence.**

Where the uncontradicted evidence showed that plaintiff's automobile was running east on Government street, and approaching a street car track running south on Marine street, a requested charge assuming that the automobile was approaching from Marine street was erroneous, as invading the province of the jury, and was properly refused.

Appeal from Circuit Court, Mobile County; O. A. Grayson, Judge.

Action by Mary E. McDonnell against the Mobile Light & Railroad Company, for damages for injuries to an automobile. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

As a common averment to each count of complaint, and as a part thereof, plaintiff avers as follows:

"On, to wit, the 7th day of June, 1920, the defendant owned a street railroad, some of the tracks whereof were built upon and along the public streets of the city of Mobile. One of said tracks extended from the intersection of Royal and Government streets, in the city of Mobile, westwardly upon and along Government street to Ann street, and westwardly therefrom; another of said tracks connected with said track on Government street at a point near the center of Government street and near Marine street, and extended thence across the south side of Government street to Marine street, and thence southwardly along Marine street, all of said streets being public streets of the city of Mobile, and one of the defendant's street cars, while it was being operated upon defendant's said tracks, or one of them, by one of defendant's agents and servants, who was a motorman in the employ of the defendant, and had control of said car, and who was acting within the line or scope of his employment by the defendant, collided with the plaintiff's automobile while said automobile was on the south side of Government street, crossing or about to cross defendant's track leading from a point near the center of Government street to and along Marine street, as aforesaid, and bruised, strained, twisted, and broke the chassis, body, wheels, engine, and other parts of said automobile, and caused the plaintiff to lose the use of said automobile for a long period of time, and said automobile was thereby rendered valueless."

The averments of counts 1, 2, 3 and 4 sufficiently appear from the opinion.

In addition to the common averment, count 5 avers that, while acting within the line or scope of his employment by the defendant said motorman, after the plaintiff's automobile was at a point where it could not, by the exercise of reasonable diligence by the chauffeur in charge thereof, be stopped by the means at his command, negligently caused or allowed defendant's said car to turn from the defendant's track upon Government street towards Marine street, and thereby negligently caused or allowed said car to collide with said automobile, to plaintiff's damage as aforesaid.

In addition to the common averment, count 6 avers that, at the time that said matters and things occurred, there was in force an ordinance of the city of Mobile, regulating traffic in said city, wherein it was provided as follows:

"Sec. 6. All vehicles turning are bound to look out for, and avoid other vehicles in motion, and shall be prepared for the stoppage or slowing down of the vehicle ahead."

"Sec. 8. Police, fire department, patrol, ambulance, and United States mail service vehicles shall have the right of way through any street and through any procession.

"Sec. 9. Subject to the foregoing section, all vehicles going in an easterly or westerly direction shall have the right of way over all vehicles going in a northerly or southerly direction."

"No motor vehicle shall be run at a speed greater than 15 miles per hour across and over street crossings or intersections, and shall turn the corners of streets at crossings at a speed of not more than 10 miles per hour, except that in crossing streets persons going northwardly or southwardly must slow their vehicles down to such a slow rate of speed as to enable them to avoid collision with vehicles going eastwardly or westwardly, which have the right of way."

"Sec. 20. The word 'vehicle' in these rules includes equestrians, led horses, and everything on wheels or runners using the streets."

And the plaintiff therein also avers that her automobile was, at the time that said matters occurred, moving east on Government street, and the defendant's car was

turning south from Government street, into Marine street, and that the defendant's motorman, in charge of said car, negligently failed to look out for and avoid plaintiff's automobile, and by reason of said negligence caused or allowed said street car to collide with plaintiff's said automobile, to her damage as aforesaid.

In addition to the common averment, count 7 avers that, while acting within the line or scope of his employment by the defendant, said motorman, after the plaintiff's automobile was at a point where said collision could not, by the exercise of reasonable diligence by the chauffeur in charge thereof, be avoided by the means at his command, negligently caused defendant's car to turn from the defendant's track upon Government street towards Marine street, and collide with said automobile, to plaintiff's damage as aforesaid.

In addition to the common averment, count 8 alleges the ordinance set out in count 6, and concludes as follows:

And the plaintiff avers that her automobile was, at the time that said matters occurred, moving east on Government street, and the defendant's car was turning south from Government street, into Marine street, and that the defendant's motorman, in charge of said car, negligently failed to look out for plaintiff's automobile, and, as the proximate result of said negligence, caused said street car to collide with plaintiff's said automobile, to her damage as aforesaid.

In addition to the common averments, count 9 sets out the ordinance set out in count 6, and concludes as follows:

And the plaintiff avers that her automobile was, at the time that said matter occurred, moving east on Government street, and the defendant's car was turning south from Government street, into Marine street, and that the defendant's motorman, in charge of said car, negligently failed to avoid plaintiff's automobile, and, as the proximate result of said negligence, caused said street car to collide with plaintiff's said automobile, to her damage as aforesaid.

The following are defendant's pleas as indicated:

(8) That the defendant had two tracks on Government street running substantially east and west, and that it had another track on Marine street running substantially north and south, which connected with the north track on Government street by means of a curve and a switch and that at the time of the collision the defendant's car was rounding said curve from Government street into Marine street on its way to the defendant's car barn, which is at the south end of the Marine street track, where its cars are kept when not used, and the plaintiff's chauffeur in charge of the said automobile would have known that the said car was rounding said curve if he had looked and listened for said car immediately before coming into dangerous proximity, but that, on the contrary, said chauffeur saw the said car in ample time to have enabled him to have avoided a collision therewith, either by stopping his automobile or passing behind the car, but instead of continuing to observe said car he negligently assumed that the said car would proceed out Government street, and continued to drive his automobile straight down Government street across the said curve on which said car was approaching, without taking the trouble to observe whether said car was proceeding out Government street or rounding the curve, until the car and the automobile had come so close that he could not avoid said collision, which negligence on the part of said chauffeur proximately contributed to said injury.

(11) That the driver of said automobile saw the car standing in the track on Government street at the switch leading into the curve that led down Marine street, or approaching said switch, and in close proximity thereto, when the said automobile was a sufficient distance from said curve to have enabled the chauffeur to have avoided the collision with said car, either by slowing the speed of his automobile or by passing behind the car, but, instead of keeping the car in view, so as to determine whether it was going around the curve or straight out Government street, the said chauffeur negligently failed to pay attention to the movements of the car, or to keep a diligent lookout to ascertain whether any car was rounding said curve, but proceeded to attempt to cross the said curve without keeping himself advised as to the movements of the car, and he thereby proximately contributed to his own injury.

(9) That at the time of the said collision there was in force and effect an ordinance in the city of Mobile which provided as follows: "All vehicles except when passing a vehicle ahead, shall keep reasonably near the right-hand curb, and when overtaken by any vehicle shall bear off to the right as near to the curb as practicable, while the overtaking vehicle shall pass by the left side of the vehicle overtaken, and must then not return to the curb line until entirely clear of the overtaken vehicle." And the defendant avers that at the time of said collision the plaintiff's chauffeur in charge of said automobile was operating the same east on Government street, in violation of said ordinance, in this, that he was not keeping reasonably near the south curb, but was operating the automobile so near to the south car track that no other vehicle overtaking said automobile could have passed said automobile in the position which it occupied without going upon the car track, and the defendant avers that said negligence on the part of said chauffeur proximately contributed to said injury.

(10) That at the time of said collision there was in force and effect an ordinance of the city of Mobile which was as follows: "No motor vehicle shall be run at a speed greater than 15 miles per hour across and over street crossings or intersections, and shall turn the corners of streets at crossings at a speed of not more than 10 miles per hour, except that in crossing streets persons going northwardly or southwardly must slow their vehicles down to such a slow rate of speed as to enable them to avoid collision with vehicles going eastwardly or westwardly, which have the right of way." And the defendant avers that at the time of said collision the plaintiff's chauffeur in charge of said automobile was operating the same in viola-

tion of said ordinance in this, that he was operating said automobile over and across the intersection of Government and Marine streets at a rate of speed in excess of 15 miles per hour, and the defendant avers that said negligence on the part of the chauffeur proximately contributed to said injury.

(2) That the plaintiff's servant who was then and there operating said automobile in the line or scope of his employment was, himself, guilty of negligence in this: That Government street runs in a general easterly and westerly direction, while Marine street connects with Government street, substantially at right angles therewith; that defendant had two tracks on Government street and one track leading down Marine street, which curved toward the east until it connected with the north track on Government street by a switch; that the driver of said automobile when some distance from the crossing of the track which led into Marine street saw the defendant's car either standing at the switch point or approaching the switch point in close proximity, and knew that the said car was about to proceed, and, instead of slowing his automobile so as to let the car pass, or passing behind the car, either of which he could have done with perfect safety, he negligently proceeded down Government street without watching the car until it was too late for him to stop before reaching the track on which the car was approaching, or to pass behind the car and move said automobile into collision with said car, although, if he had continued to observe the car, he would have seen in time to have avoided the injury, that the car was turning from the north track on Government street around the curve which led down Marine street, and the defendant avers that the said negligence on the part of the said chauffeur proximately contributed to the said injury.

(4) That said collision occurred while its car was passing around the curve which leads from the north track on Government street into Marine street, and that the said injury was proximately contributed to by the fact that the plaintiff's chauffeur in charge of said automobile, while acting within the line and scope of his employment, negligently so drove his said automobile that the left front corner of said automobile struck the right front corner of the said street car, although the said chauffeur would have known in time to have avoided said injury, if he had diligently looked and listened for approaching cars, that the said car was turning said curve.

(6) That the said collision took place while one of its cars was rounding the curve leading from the north track on Government street into Marine street, and the said automobile was being driven straight down Government street until it came into collision with said car, and the defendant avers that, if the said chauffeur in charge of said automobile had kept his machine under control as it approached the crossing of said curve, and had looked and listened to see whether a car was rounding the curve just before reaching the point beyond which he could not stop his car, or turn out in time to avoid a collision, he would have seen that the said car was rounding the curve, and could have avoided the collision, but that, on the contrary, the said chauffeur negligently proceeded down Government street until the mo-

ment of the collision, without exercising the proper diligence to determine whether or not there was a car rounding said curve, and the defendant avers that said negligence on the part of said chauffeur proximately contributed to said injury.

(12) That the chauffeur in charge of said automobile undertook to cross defendant's track as it curved from the north car track on Government street into Marine street without keeping himself advised as to the approach of said car on said curve, although he would have been advised of the movements of said car if he had kept a diligent lookout ahead of his said automobile as he approached said track, and could have avoided the injury, either by stopping his automobile or by passing behind the car, but that he negligently failed to keep the proper lookout ahead of his automobile as he approached said track, and thereby proximately contributed to his own injury.

Following are the replications as filed to pleas 2, 4, 6, and 12.

First. It was, at the time of the matters and things complained of in plaintiff's complaint, and prior thereto, the custom of defendant to place upon the front of such of its cars as it operated upon Government street, past Marine street, the word "Government," in association with other words, and to remove said word from the front of any of its said cars before allowing them to turn from Government street into Marine street, and this was known to the chauffeur in charge of plaintiff's said automobile; and defendant's said car that collided with plaintiff's said automobile had said word "Government" upon its front where said word was usually placed by defendant to indicate that the route of the car so designated was along Government street, past Marine street, without turning into Marine street, and said chauffeur as he approached Marine street saw that said car was so designated, and he was thereby induced to proceed along the south side of Government street towards Marine street without taking further notice of said car, until said car perceptibly turned towards Marine street, and said chauffeur could not then, by using with reasonable diligence the means at his command, stop said automobile before it reached Marine street and collided with defendant's said car.

Second. By several sections of an ordinance regulating traffic in the city of Mobile, in force at the time that the matters and things complained of in the complaint occurred, it was provided as follows:

"Sec. 6. All vehicles turning are bound to look out for and avoid other vehicles in motion, and shall be prepared for the stoppage or slowing down of the vehicle ahead."

"Sec. 8. Police, fire department, patrol, ambulance, and United States mail service vehicles shall have the right of way through any street and through any procession."

"Sec. 9. Subject to the foregoing section, all vehicles going in an easterly or westerly direction shall have the right of way over all vehicles going in a northerly or southerly direction.

"No motor vehicle shall be run at a speed greater than 15 miles per hour across and over street crossings or intersections, and shall

turn the corner of streets at crossings at a speed of not more than 10 miles per hour, except that in crossing streets persons going northwardly or southwardly must slow their vehicles down to such a slow rate of speed as to enable them to avoid collision with vehicles going eastwardly or westwardly, which have the right of way."

"Sec. 20. The word vehicle in these rules includes equestrians, led horses, and everything on wheels or runners using the streets."

And the plaintiff avers that her chauffeur was driving her said automobile from a westerly direction to an easterly direction, and the car of the defendant was turning southwardly at the time that the matters and things complained of in the complaint occurred as set up in the pleas.

The following charges were refused to the defendant:

"(24) The court charges the jury that the defendant company owed no duty toward the plaintiff to remove the words 'Government Street' from the front of its car at any moment before the car actually started around the curve, and, if the chauffeur in charge of the plaintiff's automobile did not see the street car after it started around the curve, then the failure to change the sign on the street car could not be regarded as the cause of the collision between the plaintiff's automobile and the street car."

"(11) The court charges the jury that a neglect by a street car company of a statute or ordinance or a rule of the company established for the protection or the convenience of its passengers, and those desiring to take passage upon its cars, does not constitute such negligence as will support a recovery for an injury received by a stranger by reason of their having relied upon the performance of such duty, and on account of such reliance having failed to themselves exercise due diligence to keep a lookout for cars approaching over the track which they attempt to cross.

"(12) The court charges the jury that a person who is operating an automobile east on Government street and approaching from Marine street has no right to assume that the street car which he sees going west on the north track and nearly approaching Marine street, or standing at the switch point at Marine street, will not be operated around the curve on Marine street because such car is marked "Government street," and therefore to continue to approach said curve without keeping any further lookout as to the movement of the said car until it is too late to avoid a collision, and, if he does so, he will be guilty of negligence."

Harry T. Smith & Caffey, of Mobile, for appellant.

The habit of the street car company in marking its cars imposed no duty upon it toward strangers operating automobiles on the street, not to operate its cars along its lines without so marking them; the imposition of a duty imposed by statute for the benefit of passengers imposes no duty toward strangers. 138 Ala. 544, 36 South. 426; 119

Ala. 592, 24 South. 836, 72 Am. St. Rep. 949; 164 Ala. 128, 51 South. 397, 137 Am. St. Rep. 31; 164 Ala. 96, 51 South. 236; 164 Ala. 79, 51 South. 365, 137 Am. St. Rep. 25; 143 Ala. 135, 38 South. 1023; 125 Ala. 199, 27 South. 1006; 77 Ala. 434, 54 Am. Rep. 69; 72 Ala. 112, 47 Am. Rep. 403; 85 Ala. 481, 5 South. 173. The failure to change the marking would have rendered the chauffeur no wiser, and the collision would have taken place just as it did. 137 Ala. 488, 34 South. 562; 17 Ala. App. 354, 84 South. 867; 16 Ala. App. 308, 77 South. 458. It was the duty of the chauffeur to stop, look, and listen, and this was not suspended by reason of the fact that the street car was marked Government street. 196 Ala. 184, 72 South. 14; 110 Ala. 266, 20 South. 132; 97 Ala. 261, 12 South. 714; 172 Ala. 560, 55 South. 218; 90 Ala. 199, 8 South. 518, 11 L. R. A. 674; 97 Ala. 302, 12 South. 236; 10 Ala. App. 298, 64 South. 666; 166 Ala. 572, 52 South. 311; 100 Ala. 660, 13 South. 552; 125 Ala. 349, 28 South. 45, 82 Am. St. Rep. 241. Demurrers should have been sustained to replications Nos. 1 and 2. 131 Ala. 325, 31 South. 604. Demurrers should have been sustained to count 6 and count 9. 196 Ala. 113, 72 South. 17; 97 Ala. 261, 12 South. 714; 110 Ala. 266, 20 South. 132; 126 Ala. 135, 28 South. 87. The court should have given the charges requested, numbered 11, and 12, and 24. 137 Ala. 488, 34 South. 562; 17 Ala. App. 354, 84 South. 867; 16 Ala. App. 308, 77 South. 458; authority supra.

Smiths, Young, Leigh & Johnston, of Mobile, for appellee.

Counsel for appellant have failed to comply with rule 10, and his insistences should not be considered. 205 Ala. 179, 87 South. 533; 159 Ala. 135, 48 South. 851; 183 Ala. 357, 61 South. 88; 179 Ala. 391, 60 South. 937. The duty was on appellant to so mark its cars as to designate the particular route upon which they were being operated. 204 Ala. 694, 87 South. 181; 198 Ala. 590, 73 South. 933; 198 Ala. 271, 73 South. 514; 179 Ala. 213, 60 South. 175. There is no such doctrine as required the driver of the automobile to stop, look, and listen before crossing at the point where the collision occurred. 204 Ala. 694, 87 South. 181. The question of wantonness was a question for the jury.

MILLER, J. Mary E. McDonnell brings this suit against the Mobile Light & Railway Company to recover damages for injuries to her automobile, the result of a collision between the street car and automobile, as the automobile was crossing or about to cross the track of the defendant in the city of Mobile.

The defendant has two tracks on Government street. This street runs in an easterly

and westerly direction. Marine street connects with Government street practically at right angles. Defendant has one track on Marine street, which curved toward the east until it connected with the north track on Government street by switch. The collision occurred on Government street, at a point south of the main tracks of defendant on that street. The automobile was crossing on or about to cross the curve track of defendant, which runs from the Government street track to the Marine street track, and the street car was turning on the curve track from its Government street track on the north into the Marine street track. The automobile was running east; the street car had been running west, and was turning to run south at the time of the collision.

There was a jury, and verdict in favor of plaintiff for $1,350, judgment thereon, and the defendant appeals.

Counts 1 and 2 charge that the motorman of defendant negligently caused or negligently allowed the street car to collide with the automobile. Counts 3 and 4 charge that the motorman of defendant wantonly caused or wantonly allowed the street car to collide with the automobile.

[1] The defendant filed 12 pleas to counts 1 and 2. The court sustained demurrers to pleas Nos. 8 and 11. These are pleas of contributory negligence. Their sufficiency is questioned by the demurrers. Each plea alleges in substance facts showing it was the duty of the driver of the automobile on this public street before crossing the track of defendant to look for an approaching car; it avers the driver saw the street car near the curve track, failed to continue to observe its motion, attempted to cross the track without watching the car, and, if he had watched or observed its motion before attempting to cross, he could have avoided the collision by slowing the speed of the automobile, or by going around the street car, and, failing to do so, thereby proximately contributed to the injury.

This court, in Schmidt v. Mobile Lt. & R. R. Co., 204 Ala. 694, 87 South. 181, wrote:

"The whole burden of stopping, looking, and listening, as a matter of law (in every case), has not been placed on a pedestrian or driver of a vehicle upon or crossing a public street in a city, town, or village as regards street cars being propelled thereon."

And in Ross v. Brannon, 198 Ala. 124, 73 South. 439, this court declared:

"It is the duty of a traveler on a public street over which street cars are operated to look for an approaching car, and, if the street is obstructed, to listen, and in some instances to stop."

These pleas comply substantially with that rule declared by this court. Each avers facts which disclose a duty on the driver of the automobile to look for an approaching car before crossing the curve track; they aver facts showing, if he had observed that duty, how he could have avoided the injury; and they aver facts showing by his negligently breaching the duty he contributed proximately to the injury. The demurrers assigned to pleas 8 and 11 should have been overruled.

[2] The demurrers of plaintiff to pleas 9 and 10 to the counts Nos. 1 and 2 were sustained by the court. Plea No. 9 set up this ordinance of the city of Mobile:

"All vehicles except when passing a vehicle ahead, shall keep reasonably near the right-hand curb, and when overtaken by any vehicle shall bear off to the right as near to the curb as practicable, while the overtaking vehicle shall pass by the left side of the vehicle overtaken, and must then not return to the curb line until entirely clear of the overtaken vehicle."

The plea alleges that, at the time of the collision, the driver of the automobile was violating that ordinance. It does not aver sufficient facts to show a violation of the ordinance. It avers no facts showing the failure of the automobile driver to observe the ordinance contributed in any degree to the injury. If the breach of the duty imposed by the ordinance contributed in no way to the injury, then it would be no defense to the action. The demurrers to this plea were properly sustained. Watts v. Montgomery Traction Co., 175 Ala. 102, 57 South. 471.

Plea 10 also sets up the following ordinance in the city of Mobile:

"No motor vehicle shall be run at a speed greater than 15 miles per hour across and over street crossings or intersections, and shall turn the corners of streets at crossings at a speed of not more than 10 miles per hour, except that in crossing streets persons going northwardly or southwardly must slow their vehicles down to such a slow rate of speed as to enable them to avoid collision with vehicles going eastwardly or westwardly, which have the right of way."

This plea avers at the time of the collision plaintiff's chauffeur was operating her automobile in violation of the ordinance by running it across the track of defendant at a rate of speed in excess of 15 miles an hour. No facts are alleged showing the rate of speed of the automobile being in excess of the rate allowed by the ordinance contributed proximately to the injuries. This is necessary. Hence there was no error in sustaining demurrers to this plea. Watts v. Montgomery Traction Co., 175 Ala. 102, 57 South. 471.

Demurrers to pleas 3, 5, and 7 as originally filed, and as amended to counts 1 and 2, were sustained by the court. These pleas allege that defendant, for the purpose of enabling prospective passengers to distinguish

between its cars, which go out Marine street and Government street, has a sign on each car indicating the street it is going on, the Government street car carrying a sign of Government street, and this car carried such sign; that defendant's barn for all of its cars was at the south end of Marine street. Then the pleas aver plaintiff's driver observed said car on government street track as it approached or was near the curve switch at Marine street, and he saw that it was marked "Government street," and negligently failed to pay any further attention to the car, whether it was going straight out Government street or coming around the curve into Marine street; and each plea avers facts showing he attempted to cross the curve track of defendant leading into Marine street "without looking for an approaching car."

[3] The driver, having seen that the street car contained the sign "Government Street," just before or just as it reached the Marine street curve, was not thereby relieved of the duty of looking for an approaching car 'before attempting to cross and before crossing the curve track of defendant, running in a public street toward Marine street. The driver of the automobile was not relieved of the duty to look for the approach of this car before crossing or attempting to cross the curve track of defendant, as the car when he observed the Government street sign on it had not reached the curve track where the sign for prospective passengers might be changed from Government street to Marine street, and as the car when observed by him was moving or standing still in close proximity to the curve track he intended to cross. If the driver of this automobile, from the facts alleged in each plea, had looked for the approach of any car, as it was his duty to do before crossing or attempting to cross the curve track, he would have observed this car running on the curve track toward Marine street in time, by the exercise of due care and reasonable diligence, to have avoided the collision. Each of these pleas sets up sufficient facts to constitute a contributory negligence defense to counts 1 and 2, and the demurrers to them were improperly sustained.

In Ray v. Brannan, 196 Ala. 113, 72 South. 16, this court clearly expressed that principle of law as follows:

"But this right to expect the observance of specific, legal duties by others does not excuse any one from observing the specific duties imposed by law upon himself; and his failure to do so, if the proximate cause of his injuries, would as a matter of law defeat his right of recovery."

See, also, L. & N. R. R. Co. v. Mothershed, 97 Ala. 261, 12 South. 714; A. G. S. R. R. Co. v. Roach, 110 Ala. 266, 20 South. 132.

The plaintiff filed two replications to pleas 2, 4, 6, and 12 after demurrers to them were overruled. The facts averred in these pleas are substantially the same as those set up in said pleas 3, 5, 7, 8, and 11, except that these pleas do not aver that the defendant's street car was marked "Government Street" before and when reaching the Marine street curve switch.

[4] This replication No. 1 is defective in failing to state the location of the street car with "Government Street" sign on it when observed by the driver of the automobile; it may have been before or just as it reached the Marine street curve switch, where its custom was to change it, which fact was known to the driver. The car being marked "Government Street" did not relieve the driver of the automobile of the duty of looking for "an approaching car before crossing the track," as averred in the pleas. The replication avers:

"He (the driver) was thereby induced to proceed along the south side of Government street towards Marine street without taking any further notice of said car, until said car perceptibly turned towards Marine street, and said chauffeur could not then, by using with reasonable diligence the means at his command, stop said automobile before it reached Marine street and collided with defendant's said car."

From the replication it appears, if the sign had been changed just as the street car entered the Marine street switch, defendant's situation would not have been improved, and the collision prevented, as the automobile driver "took no further notice of the street car" until it was too late to stop the automobile to prevent the collision.

[5] This replication is also defective in failing to aver, by using with reasonable diligence the means at his command, he could not have avoided the collision by turning the car in some other direction or by diminishing or by increasing the speed of it. She (plaintiff) merely avers that she could not have avoided the collision by stopping the car before reaching Marine street. This was not sufficient answer to either of the pleas. L. & N. R. R. Co. v. Robinson, 141 Ala. 325, 37 South. 431. The court overruled the demurrers to this replication to those pleas. It was error. The demurrers should have been sustained.

[6, 7] Replication 2 to said pleas sets up an ordinance of the city of Mobile which gives all vehicles going in an easterly or westerly direction the right of way over all vehicles going in a northerly or southerly direction. The plaintiff avers that the chauffeur was driving her automobile from a westerly to an easterly direction, and the car of defendant was turning southwardly at the time of the collision. This replication is defective in failing to aver facts showing failure to observe the ordinance by defendant was the proximate cause of the injury. This

replication is an insufficient answer to the pleas, as said ordinance does not relieve the driver of plaintiff's car from the duty, alleged in the pleas, of looking for an approaching car before crossing the track of the defendant; and the replication does not therefore answer the plea nor aver facts avoiding it. Ray v. Brannan, 196 Ala. 113, 72 South. 16; L. & N. R. R. Co. v. Mothershed, 97 Ala. 261, 12 South. 714. The demurrers to replication 2 were overruled. They should have been sustained.

The plaintiff amended the complaint by adding counts Nos. 5, 6, 7, 8, and 9. Demurrers of defendant to count No. 5 were sustained, and overruled as to counts Nos. 6 and 9.

[8] Counts Nos. 6 and 9 each set up said city ordinance. This ordinance states it applies to "everything on wheels" when using the streets of the city. It makes it the duty of all vehicles turning to look out for and avoid other vehicles in motion. It gives vehicles the right of way going in an easterly and westerly direction over vehicles going in a northerly or southerly direction in the streets of the city. It avers the automobile was going in an easterly direction on Government street, and the street car was turning south from Government street and into Marine street at the time of the injury. Count No. 6 contains these additional averments:

"And the defendant's motorman, in charge of said car, negligently failed to look out for and avoid plaintiff's automobile, and by reason of said negligence caused or allowed said street car to collide with plaintiff's said automobile."

And count No. 9 contains this additional averment:

"And that the defendant's motorman, in charge of said car, negligently failed to avoid plaintiff's automobile, and as the proximate result of said negligence caused said street car to collide with plaintiff's said automobile."

Each of these counts—6 and 9—alleges a duty due plaintiff by defendant to look out for and avoid collision with the moving automobile when turning the curve on the street at the time and place mentioned. Count 6 avers defendant's motorman in charge of the car negligently failed to look out for and avoid plaintiff's automobile. Count 9 alleges he negligently failed to avoid plaintiff's automobile. Both counts allege as a proximate result of said negligence there was a collision, and her automobile injured. Thus it appears in each count that a duty is alleged, a negligent breach of it is averred, and an injury is declared as a proximate consequence thereof.

In count 6 plaintiff must prove a negligent failure to look for the automobile and a negligent failure to avoid it by the motorman. In the ninth count the burden is on plaintiff to show that the motorman negligently failed to avoid the automobile. And in each count the burden is on plaintiff to show that the negligence averred was the proximate cause of the injury. Hence these counts were not subject to the demurrers, and no errors were committed when the court overruled them. Ray v. Brannan, 196 Ala. 113, 72 South. 16; Railroad Co. v. Mothershed, 97 Ala. 261, 12 South. 714; B'ham R. & E. Co. v. Baker, 126 Ala. 135, 28 South. 87.

The defendant refiled original pleas 1, 2, 4, 6, 10, 11, and 12, and pleas Nos. 3, 5, 7, and 9, as amended to counts Nos. 7 and 8. The plaintiff demurred to each of said pleas from 2 to 12, both inclusive. The court sustained demurrers to pleas Nos. 2, 4, 6, 10, 11, and 12 to counts Nos. 7 and 8. We find no ruling of the court on the demurrers of plaintiff to pleas Nos. 3, 5, 7, and 9 as amended to counts Nos. 7 and 8.

[9] The rulings of the court on these pleas are not discussed in the briefs and arguments of the attorneys as to their application to these counts Nos. 7 and 8, but they are as to counts Nos. 1 and 2. In this opinion we have considered and passed on the rulings of the court on each plea as to counts Nos. 1 and 2, and we feel that a further discussion would be unnecessary, particularly so when the parties waive it by not insisting on it in their argument.

[10] This charge, No. 1, asked by plaintiff, was given by the court:

"If the jury is reasonably satisfied from the evidence that the defendant's street car was going west upon the defendant's most northern track on Government street, and stopped at the switch points leading from said tracks south, upon the Marine street track, and the motorman saw plaintiff's automobile approaching on the south side of Government street, too close to be able to stop before reaching Marine street track, and, after seeing this, he caused defendant's car to turn south upon the Marine street track, and thereby caused the collision complained of, the jury should find for the plaintiff."

It may have been impossible, as stated in the charge from some of the evidence, if believed by the jury, to stop the automobile before the collision; yet there was the tendency at least of other evidence indicating that the collision might have been avoided by increasing or decreasing the speed of the automobile, or by changing its course and going around or ahead of the street car. L. & N. R. R. Co. v. Robinson, 141 Ala. 325, 37 South. 431. The appellee claims the charge is requested clearly as to subsequent and not wanton negligence; yet it does not hypothesize sufficient facts to show peril to the automobile and knowledge thereof by the motorman. The motorman may have seen that the car could not stop before reaching the track; yet he may also have seen that it

could cross the track by increasing its speed before the street car reached it, or he may have seen that it could by turning its course avoid the collision; all of which was ignored by the charge. The court erred in giving the charge. Anniston E. & G. Co. v. Rosen, 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32; L. & N. R. R. Co. v. Bouldin, 110 Ala. 185, 20 South. 325; L. & N. R. R. Co. v. Robinson, 141 Ala. 325, 37 South. 431.

[11] Charge 24 asked by defendant was properly refused by the court. It is clearly argumentative, and it fails to hypothesize, if "the jury believe from the evidence" the chauffeur did not see the street car after it started around the curve, but practically assumes such to be the fact, without submitting it to the jury under hypothesis. It is argumentative and calculated to mislead the jury.

[12] The court did not err in refusing charge 11 asked by the defendant. It is in the alternative. Some of the alternatives are clearly abstract; and the charge is also argumentative. It is abstract in some respects, misleading, and argumentative.

[13] Charge 12 was refused by the court. This was not error. It assumes plaintiff's car was "approaching .from Marine street." The entire evidence shows the automobile was running east on Government street, and approaching the track on Government street that runs to Marine street, and not "approaching from Marine street." This charge assumes facts which should be submitted under hypothesis to the jury. It invades the province of the jury.

The general affirmative charge, with hypothesis as to each count in favor of defendant, was requested by appellant, and each was refused by the court.

This case must be reversed for errors hereinbefore mentioned. It will serve no good ·purpose for us to analyze the testimony to see if the court erred under the present issues of this case in refusing any one of those charges, as the testimony may be different and the issues changed on another trial.

For the errors mentioned, the case is reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.