25 So.2d 393

### GRAMLING v. DAVIS.

7 Div. 831.

Court of Appeals of Alabama.

March 19, 1946.

Reed & Reed, of Centre, for appellant.

Irby A. Keener, of Centre, for appellee.

CARR, Judge.

This suit was brought by the appellant for the damages which, in his complaint, he claims he suffered because of a collision between his automobile and the automobile of appellee.

■ The jury verdict was in favor of the defendant. All assignments of error are grouped in argument in appellant's brief. It follows, therefore, if any one of the assignments is without merit, a consideration of the others may be pretermitted. Ogburn v. Montague, 26 Ala.App. 166,

155 So. 633; Case v. O'Shields, 30 Ala.App. 254, 4 So.2d 202.

Contributory negligence was an issue.

The lower court refused the general affirmative charge to the plaintiff.

█ Appellant urges error in this position primarily on the contention that appellee violated the provisions of Title 36, Sec. 19(a), Code 1940: "The driver of a vehicle entering a public highway from a private road or drive shall yield the right of way to all vehicles approaching on such public highway."

It does not necessarily follow that because a traveler has the right of way over a highway he is thereby relieved of a duty to exercise due care not to injure the other traveler who is not so preferred.

As was observed in Ray v. Brannan, 196 Ala. 113, 72 So. 16, 17: "But the mere fact that one vehicle has the 'right of way' over others crossing its path does not release the vehicle thus favored from the duty of exercising due care not to injure the others at the place of crossing. On the contrary, the duty of due care to avoid collisions remains reciprocal, and the driver of each vehicle may, within reasonable limits, rely upon the discharge of his duty by the other —including, among other things, the reasonable observance of those municipal regulations with respect to speed and position, which are designed not only to facilitate traffic and travel, but also to make it safe for the public as far as is humanly possible." See, also, Whatley v. Nesbitt, 204 Ala. 334, 85 So. 550; Mobile Light & R. Co. v. McDonnell, 207 Ala. 161, 92 So. 185.

█ In the testimony of witness McGatha, we find: "I was present at the time of the accident between Dr. Gramling and Carl Davis occurred. I was riding in the car with Dr. Gramling, and riding on the front seat, and Dr. Gramling was driving the car. When I first saw the defendant Davis, he was turning, just ready to come up into the road, this was at a point a short distance beyond Ben Brook's home where a road leading from a little tenant house out in the field comes out into the Centre-Terrapin Creek Road. We were about 200 yards from Mr. Davis when I first saw him. I know where there is a barn on the left just beyond or about the top of the hill. We had just passed this barn and had started down the hill when I first saw him. Dr. Gramling was driving at this time about 35 miles an hour. When we saw the Davis car down there, it was stopped, and Dr.

Gramling said to me 'reckon he is going to come up, or wait until we pass?' I said 'Guess he will wait'? and we drove on. * * * I did not notice whether Dr. Gramling put his foot on the brakes or not, he did not blow his horn."

A further recitation of the tendencies of the evidence will appear useless.

The court below was not in error in presenting the factual issues to the jury. Alabama Power Co. v. Gladden, 29 Ala.App. 438, 197 So. 374; Aiken v. McMillan, 213 Ala. 494, 106 So. 150.

Our conclusion is that the judgment of the primary court is due to be affirmed. It is so ordered.

Affirmed.