34 So.2d 177

**MONTGOMERY CITY LINES, Inc. v. MOORE.**

**3 Div. 887.**

Court of Appeals of Alabama.

Feb. 24, 1948.

Jack Crenshaw, of Montgomery, for appellant.

Rushton, Stakely & Johnston and Jas. Garrett, all of Montgomery, for appellee.

CARR, Judge.

The complaint in this cause counts on simple negligence. The plea, in short by consent, of course, includes the defense of contributory negligence.

In the court below there was a judgment in favor of the defendant.

The case arose out of a collision between a passenger bus of the plaintiff and a cattle truck of the defendant.

The only question presented for our review is the propriety vel non of the trial judge's action in denying appellant's motion for a new trial. The stated ground is that the verdict was contrary to the great weight of the evidence.

The record discloses that there is other pending litigation growing out of the same collision. In view of this fact, we think propriety demands that we do not engage in elaborate discussion of the evidence nor an extensive delineation of its tendencies. Let it suffice for us to observe that the contact occurred at the intersection of two streets in the City of Montgomery. It was late at night, and the signal lights at that place were not operating. There were some obstructions that hindered a clear vision of the approaches to the intersection. The passenger bus was coming from a direction to the right of the truck. The latter struck the former on its left side at a place about two-thirds the distance from the front to the back. The driver of the bus testified that when he observed the approaching truck he sped up his vehicle to avoid what appeared to him to be an inevitable crash at or near his driving seat.

Our appellate courts are often required to make decisions on the question of instant concern. The rules by which we are guided and the principles by which we are controlled are found in various expressions in our judicial opinions. One of these, which the writer regards as very comprehensive and clear, was stated by Judge Bricken, presiding judge of this court:

"The power of a court to set aside a verdict is inherent and is essential to prevent irreparable injustice in every case where a verdict is wholly wrong, and is the result of inadvertence, forgetfulness, or intentional or capricious disregard of the testimony or of that bias or prejudice, on the part of juries, which sometimes may occur. In the exercise of this power courts should be careful not to infringe the right of trial by jury, and should bear in mind that it is the exclusive province of a jury to determine the credibility of witnesses to weigh the testimony, and find facts from that testimony. The power of a trial court to set aside a verdict should be exercised, only,

**390**

when it positively and affirmatively appears that the substantial ends of justice require that a verdict should be set aside and a new trial granted. The foregoing being the principles by which a trial court should be controlled, it is to be observed that these principles apply with much greater force to the exercise of this power by an appellate court. When the presiding judge of a trial court refuses to grant a new trial, the correctness of the verdict is thereby strengthened." International Harvester Co. of America v. Donaldson, 26 Ala.App. 502, 162 So. 566, 569.

Appellant insists that because of the fact that the bus was approaching from the truck's right and thereby enjoyed the privilege of the right of way under the rule of the road, this should be decisive of the matter, or at least so convincing as to authorize the granting of the motion for new trial. The fact that the appellant's vehicle was thus favored did not relieve its driver of using reasonable care to avoid the collision. Of course, everyone who drives on our streets and highways has a right to conclude that the traffic laws will be observed, but the favor of the right of way is not an absolute one to be exercised in any event without regard to the existing conditions which may demand due care for the safety of others. In other words, the duty to use reasonable care to avoid accidents remains reciprocal at all times. Ray v. Brannan, 196 Ala. 113, 72 So. 16; Whatley v. Nesbitt, 204 Ala. 334, 85 So. 550; Mobile Light & R. Co. v. McDonnell, 207 Ala. 161, 92 So. 185; Alabama Power Co. v. Bradley, 18 Ala.App. 533, 93 So. 73.

We have given careful consideration to the question assigned, and we conclude that we should not disturb the action of the trial court. The following authorities lend support to our view: William E. Harden, Inc. v. Harden, 29 Ala.App. 411, 197 So. 94; Sorrell v. Lindsey, 247 Ala. 630, 25 So.2d 725; Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388; Brown Hauling Co. v. Newsome, 241 Ala. 300, 2 So.2d 782; Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The judgment of the nisi prius court is ordered affirmed.

Affirmed.