473 So.2d 984 (1985)
Robin M. COFER, as mother of Baby Cofer, deceased
v.
Herman C. ENSOR; Ensor, Baccus, Williamson, P.A.; Cullman Medical Center.
83-898.
Supreme Court of Alabama.
April 12, 1985.
Rehearing Denied July 3, 1985.
*985 Carl E. Chamblee, Sr. and Gould H.K. Blair, Birmingham, for appellant.
Robert E. Parsons and Marda W. Sydnor of McDaniel, Hall, Parsons, Conerly & Lusk, Birmingham, for appellee Cullman Medical Center.
PER CURIAM.
This case presents an issue of first impression:
Does the minority of a parent of a deceased minor child toll the running of the two-year period for bringing an action under Code of 1975, § 6-5-391, for the wrongful death of the minor child?
Stated differently, and perhaps more precisely as to the dispositive questions involved, is the two-year limitations period found in § 6-2-38(a), applicable to § 6-5-391, a technical statute of limitations, and thus subject to the tolling provisions of § 6-2-8(a); or is it a statute of creation, not subject to any tolling provisions, as is § 6-5-410 (wrongful death statute), in which a two-year limitations period is expressly stated (§ 6-5-410(d)), and which has been deemed "not [to be] a statute of limitations, but of the essence of the cause of action"? Parker v. Fies & Sons, 243 Ala. 348, 350, 10 So.2d 13, 15 (1942). We hold that the two-year limitations period found in § 6-2-38(a), as applied to § 6-5-391, is a "statute of creation" and the action is barred.
Plaintiff, Robin Cofer, gave birth to a baby boy on February 10, 1980, at the Cullman Medical Center. The child died the same day. Robin Cofer's attending physician was Dr. Herman C. Ensor. At the time she gave birth, Cofer was 16 years old and married. Later that year, however, on November 14, 1980, Cofer obtained a divorce, and, therefore, she never reached the age of 18 while she was married, nor was she ever otherwise freed of the disabilities of non-age.
On December 22, 1982, the day before her nineteenth birthday, Cofer brought an action against her doctor, Herman Ensor, and the Cullman Medical Center, alleging medical malpractice in their treatment of her, which she alleges resulted in her inability to bear children. She also added a claim for the wrongful death of her minor son.
The Cullman Circuit Court granted the defendants' motion to dismiss the wrongful death count of the complaint on the ground that it was time barred. The action was filed two years and ten and a half months after the alleged wrongful death of the child. The trial court granted Cofer's Rule *986 54(b), Ala.R.Civ.P., motion, certifying as final its dismissal of the wrongful death claim.
The pertinent provisions of those code sections relevant to the issue involved in this case are as follows:
§ 30-4-15:
"The marriage of any woman in this state who is under 19 and over 18 years of age, ... or the arrival at the age of 18 years of any married woman or widow in this state, has the effect immediately to remove her or their disabilities of minority; and thereafter she has the same legal rights and abilities as married women or widows over 19 years of age."
§ 6-2-8:
"(a) If anyone entitled to commence any of the actions enumerated in this chapter, ... is, at the time such right accrues, below the age of 19 years, ... he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action, ... provided, however, that no disability shall extend the period of limitations so as to allow such action to be commenced, entry made or defense made after the lapse of 20 years from the time the claim or right accrued."
§ 6-5-391:
"When the death of a minor child is caused by the wrongful act, omission or negligence of any person, persons or corporation, his or their servants or agents, the father, or the mother in cases mentioned in section 6-5-390, or, if the father and mother are both dead, if they decline to commence the action, or fail to do so, within six months from the death of the minor, the personal representative of such minor may commence an action, and in any case shall recover such damages as the jury may assess; provided, that an action by any one of them for the wrongful death of the minor shall be a bar to another action either under this section or under section 6-5-410." (Code 1876, § 2899; Code 1886, § 2588; Code 1896, § 27; Code 1907, § 2485; Code 1923, § 5695; Code 1940, T. 7, § 119.)
§ 6-5-390:
"A father or a mother, provided they are lawfully living together as husband and wife, shall have an equal right to commence an action for an injury to their minor child, a member of the family; provided, however, that in the event such mother and father are not lawfully living together as husband and wife, or in the event legal custody of such minor child has been lawfully vested in either of the parties or some third party, then and in either event the party having legal custody of such minor child shall have the exclusive right to commence such action."
§ 6-2-38:
"(a) An action by a representative to recover damages for wrongful act, omission or negligence causing the death of the decedent under sections 6-5-391 and 6-5-410 must be commenced within two years from the death." (Code 1896, § 2800; Code 1907, § 4839; Code 1923, § 8948; Code 1940, T. 7, § 25; Acts 1953, No. 760, p. 1022, §§ 1-4.)
§ 6-5-410:
"(a) A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the state of Alabama, and not elsewhere, for the wrongful act, omission or negligence of any person, persons or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death.
"* * *
"(d) Such action must be commenced within two years from and after the death of the testator or intestate." (Code 1852, §§ 1940, 1941; Code 1867, §§ 2299, 2300; Code 1876, §§ 2641-2643; Code 1886, § 2589; Code 1896, § 27; Code 1907, § 2486; Acts 1911, No. 455, p. *987 484; Code 1923, § 5696; Code 1940, T. 7, § 123.)
This Court has recognized the general rule that a distinction exists between a true statute of limitations and a statute which creates a new right of action with an express restriction on the time within which an action may be brought to enforce the right. In her brief, Cofer designates the former a "statute of limitations," and the latter a "statute of creation." We adopt these designations for our use herein.
The Court of Civil Appeals in State, Department of Revenue v. Lindsey, 343 So.2d 535, 537 (Ala.Civ.App.1977), explained the effect of the distinction between the two types of statutes:
"In one [a statute of creation], the limitation [period] is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself. In the other [a statute of limitation], the limitation is deemed to affect only the remedy and does not constitute part of the substantive right. By affecting the remedy, it is meant that the statute establishes the time frame in which a party may seek to enforce his claim. The running of the latter type of statute of limitation does not extinguish a party's right, but merely precludes his judicial assertion of that right. 51 Am. Jur.2d Limitation of Actions §§ 8, 15, 22.
"Alabama decisions state that a statute of limitations, unless the act specifically declares otherwise, is construed as affecting the remedy only. [Citations omitted.]"
Consequently, where a prescriptive period is contained within the statutory grant of a cause of action, it is a statute of creation, and the period is deemed a portion of the substantive right itself, not subject to tolling provisions. See Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 179 So.2d 76 (1965). On the other hand, where the prescriptive period comes from without the statute, it is a statute of limitations, to which the tolling provisions apply.
"Whether an enactment is in the nature of a conditional statute, or whether it is a statute of limitations, should be determined from a proper construction of its terms. The fact that the limitation is in the same statute as the one creating the new liability is persuasive of the fact that it is intended as a condition of the right created...." (Footnotes omitted.) (Emphasis added.) 51 Am.Jur.2d Limitation of Actions, § 15, p. 600 (1970).
Cofer maintains that the two-year prescriptive period in Code of 1975, § 6-2-38(a), is a statute of limitations, and thus is subject to being tolled by the parent's minority under § 6-2-8(a). In support of the contention, Cofer relies on the statutory history of § 6-5-391, set forth below.
The original act (Session of 1871-72), allowing the parents a right of action for the wrongful death of a minor, contained a one-year limitations period.
"No. 61. AN ACT
"For the better protection of human life.
"Section 1. Be it enacted by the General Assembly of Alabama, That when the death of any minor child is caused by the wrongful act, or omission of any officer or agent of an incorporated company, or private association of persons, the father of said child, or if the father be not living, the mother, may maintain an action against said corporation or private association of persons for said wrongful act or omission, and may recover such damages as the jury may assess; Provided, that suit must be brought under the provisions of this act within twelve months after the decease of said child, and not after.
"Approved, February 24, 1872."
For reasons not material here, the first act was found to be unconstitutional in Smith v. Louisville & Nashville R.R. Co., 75 Ala. 449 (1883).
When the legislature adopted an act allowing parents to sue for the death of a minor child (Act No. 36, Acts of Alabama, *988 approved January 23, 1885), the one-year provision was not contained in the act itself but it was included in the Code of 1887 as § 2619, and in the Code of 1897 as § 2801.
Act No. 36, 1885, reads as follows:
"No. 36. AN ACT S. 92
"Allowing parents or personal representative of a minor child to sue a person or corporation for a wrongful act or omission causing any personal injury to, or death of, such minor.
"Section 1. Be it enacted by the General Assembly of Alabama, That when any personal injury or the death of any minor child is caused by the wrongful act, or omission of any person, or any officer, or agent of any incorporated company, or private association of persons, the father, or in case of his death, or desertion of his family, the mother, or in case of their death the legal representative of such minor may maintain an action against such person, corporation, or private association of persons, for such wrongful act or omission, and may recover such damages as the jury may assess; Provided, that but one suit shall be maintained for the said injuries or death.
"Approved January 23, 1885."
Code 1887, § 2619(5), reads as follows:
"Actions for damages for wrongful act or omission, causing personal injury to, or death of a minor, under section 2588."
Section 2588, referred to in § 2619 of the 1887 Code, reads:
"Suits for injuries causing death of minor child.
"When the death of a minor child is caused by the wrongful act, or omission, or negligence of any person or persons, or corporation, his or their servants or agents, the father, or the mother, in the cases mentioned in the preceding section, or the personal representative of such minor, may sue and recover such damages as the jury may assess; but a suit by the father or mother, in such case, is a bar to a suit by the personal representative."
"Note: A marginal reference in the Code of 1887 shows that this section was a codification of Jan. 23, 1885, p. 99."
Sections 2800 and 2801, Code 1897, provide, in pertinent part, as follows:
"2800. Limitation of two years.Action by representative to recover damages for wrongful act, omission or negligence causing death of the decedent, under section 27 (2589).
"2801 (2619) (3231) (2905) (2481). Limitation of one year,
"* * *
"5. Actions for damages for wrongful act or omission, causing personal injury to, or death of a minor, under section 26 (2588)."
Sections 27 and 26, referred to in sections 2800 and 2801 respectively, read as follows:
"26 (2588). Suits for injuries causing death of minor child.

"When the death of a minor child is caused by the wrongful act, or omission, or negligence of any person or persons, or corporation, his or their servants or agents, the father, or the mother, in the cases mentioned in the preceding section, or the personal representative of such minor, may sue and recover such damages as the jury may assess; but a suit by the father or mother, in such case, is a bar to a suit by the personal representative."
"* * *
"27 (2589) (2641, 2642, 2643) (2299, 2300) (1940, 1941). Action for wrongful act, omission, or negligence causing death.A personal representative may maintain an action, and recover such damages as the jury may assess, for the wrongful act, omission, or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death; such action shall not abate by the death of the defendant, but may be revived against his personal *989 representative; and may be maintained, though there has not been prosecution, or conviction, or acquittal of the defendant for such wrongful act, or omission, or negligence; and the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions. Such action must be brought within two years from and after the death of the testator or intestate."
In 1907, the limitation for filing a wrongful death claim was set at two years, whether the suit was brought by a parent under Section 26 or the personal representative under Section 27 of the 1897 Code. Section 4839 of the 1907 Code reads as follows:
"4839. (2800) Limitation of two years.Action by representative to recover damages for wrongful act, omission, or negligence causing death of the decedent, under sections 2486 (27) and 2845 (26)."
Sections 2485 and 2486 read as follows:
"2485. (26) (2588) (2899) Suits for injuries causing death of minor child. When the death of a minor child is caused by the wrongful act, or omission, or negligence of any person or persons, or corporation, his or their servants or agents, the father, or the mother, in cases mentioned in the preceding section; or if the father and mother are both dead, or if they decline to bring the action or fail to do so within six months from the death of the minor, the personal representative of such minor may sue, and in any case shall recover such damages as the jury may assess; but a suit by any one of them for the wrongful death of the minor shall be a bar to another action, either under this section or under the succeeding section."
"2486. (27) (2589) (2641, 2642, 2643) (2299, 2300) (1940, 1941) Action for wrongful act, omission, or negligence causing death.A personal representative may maintain an action, and recover such damages as the jury may assess, for the wrongful act, omission, or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death; such action shall not abate by the death of the defendant, but may be revived against his personal representative; and may be maintained, though there has not been prosecution, or conviction, or acquittal of the defendant for the wrongful act, or omission, or negligence; and the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions. Such action must be brought within two years from and after the death of the testator or intestate."
A commissioner's note to Code 1907, § 2485, gives a detailed history of the section and shows some of the confusion which surrounded the adoption and operation of the section. The commentary also shows, however, that in the opinion of the court, the words "any person" in old section 2486 (now § 6-5-410), included minors or adults. The Commissioner's note and annotations in the 1907 Code read as follows:
"(Note.Genesis of statute: This section first appeared as act approved Feb. 28, 1872, Acts 1871-2, p. 82, which was codified in the Code of 1876, and appears as § 2899, and a similar statute was enacted Jan. 23, 1885, Acts 1884-5, p. 99. The act as originally passed was never construed by the supreme court; it was very greatly modified, when codified as it appeared in § 2588 of the Code of 1886, and was brought forward as § 26 of the Code of 1896. It was evidently the intention of the legislature to give the parents, the father and mother, respectively, in the cases mentioned, a right of action for the wrongful death of their infant in the same manner as the right of action was conferred upon the personal representative *990 under the homicide act, § 27 of the Code of 1896, but to make the action by the parent a bar to an action under the homicide act so as not to allow an action by both the parent and personal representative for the same wrongful act causing death of infant. There was evidently some confusion or lack of clearness as to the relation of this section to the one following. An action by the parent for the wrongful death of the infant would certainly be a bar to an action by the personal representative under § 26; would it also be a bar to an action by the personal representative under § 27, or was the effect of the statute of Jan. 23, 1885, for the act as codified, § 26 of the Code of 1896, to take away the right of action under § 27 of the Code of 1896 for the wrongful death of infant? There was also some confusion in the decisions of the court construing these two sections. Each statute provides that the damages recoverable shall be such `as the jury may assess.' The cases construing § 27 hold that the damages are punitive, while the case of Williams v. S. & N.R.R. Co., 91 Ala. 635 (9 So. 77), construes § 26, holding that the damages are compensatory and not punitive; this would imply that each statute created a different cause of action, and therefore, that two actions might be maintained for the same wrongful deathunder § 26, by the parent or personal representative, and the other under § 27, by the personal representative. There is further confusion for this reason, that § 27 provides that damages when recovered are not subject to the payment of debts of the testator or intestate, but must be distributed according to the statute of distribution, whereas § 26 has no similar provision; in fact, it has no provision as to the status or disposition of the damages when recovered; that is to say, if an action should be brought by the personal representative under § 26, would the damages be distributed between the distributees of the decedent's estate, or would they be for the benefit of the parent exclusively? Another cause for confusion in the statute itself, is that it provides that an action by the parent is a bar to a suit by the personal representative, but it does not provide that a suit by the personal representative is a bar to one by the parente.g., if the personal representative should bring an action under § 26 of the Code and recover judgment, would it bar an action by the parent under § 27? The section as now written was intended to make its meaning certain, and not to change it). Amendment of complaint changing cause of action from § 25 or § 26 to § 27.141 Ala. 325 (37 So. 431). Damages under § 27 held punitive, while those under § 26 held compensatory. (Damages under this section should be the same; the language of each as to damages being the same.) In action by parent, contributory negligence of the parent may be defense as to simple negligence.A.G.S. R.R. Co. v. Burgess, 116 Ala. 509 (22 So. 913). Damages recoverable under this section held to be pecuniary compensation to parent.Ib. Policy of Statute. Williams v. S. & N.R. Co., 91 Ala. 635 (9 So. 77); Winslow v. State, 92 Ala. 78 (9 So. 728). Recovery solely for benefit of parents.Tenn.C.I. & R. Co. v. Herndon, 100 Ala. 451 (14 So. 287). Parent can recover where minor could have recovered at common law, had he survived.Lovell v. DeBardelaben, C & I Co., 90 Ala. 13 (7 So. 756); Williams v. S. & N.R. Co., 91 Ala. 635 (9 So. 77); Harris v. McNamara, 97 Ala. 181 (12 So. 103). Contributory Negligence; Effort to avoid injury; when questions for jury.A.G.S.R. Co. v. Dobbs, 101 Ala. 219 (12 So. 770); Williams v. S. & N.R. Co., 91 Ala. 635 (9 So. 77). (See also citations to next section.) Damages under this section compensatory and not punitive.Williams v. S. & N.R. Co., 91 Ala. 635 (9 So. 77). (This decision, if not dictum, is wrong and should be corrected.) See Mayfield's Digest, Vol. 2, pp. 1029, 1044; Vol. 3, p. 978; Vol. 5, p. 504."
The Code Commissioner also gave a history of § 2486; the Commissioner's note and related annotations read as follows:

*991 "(Note.History of statute: Statutes somewhat similar to this section of the Code were provided for by §§ 1938-1941, both inclusive, of the Code of 1852, though the damages then were compensatory and limited, not to exceed three years' income of the deceased, and in no case to exceed $3,000; the damages recovered were for the benefit of the widow, if one; if not, for the children, and if no widow or children, for the next of kin. The act of Feb. 21, 1860, Acts 1859-60, p. 42, expressly repealed §§ 1938 and 1939, and substituted therefor the statute making the damages punitive, such `as the jury may deem just,' and making the damages distributed as personal property of the intestate, and making it exempt from the payment of debts. This last statute, by oversight, it is said, was omitted from the Code of 1867 entirely, and §§ 1938 and 1939 were retained and remained the law up to Feb. 5, 1872, when the legislature reenacted the homicide statute, which was, in all material respects, identical with the former act, and was codified in the Code of 1876 as § 2641 and omitting §§ 1938 and 1939 of the Code of 1852, which were, respectively, numbered 2297 and 2298 of the Code of 1867, thus repealing said sections. This statute next appeared as § 2589 of the Code of 1886, which combines §§ 2641, 2642 and 2643 of the Code of 1876, which sections were, respectively, 2299 and 2300, of the Code of 1867, and §§ 1940 and 1941 in the Code of 1852; and § 2589 of the Code of 1886 is substantially brought down in the Code of 1896, and appears as § 27 thereof. The supreme court has construed this statute to be punitive in its nature and purpose, and not compensatory, and that the damages recoverable are distributed under the laws of distribution as other personal property of the deceased, and that they are not liable to the payment of debts of the deceased; it is not certain from the decisions whether an action under this statute is a bar to an action under § 26 by the personal representative or by the parent of the deceased. While the other statute, § 26, contains the same provision that the damages shall be such `as the jury may assess,' yet it is held that the damages are compensatory under that statute and punitive under this, and it has not been decided whether an action under that section would be a bar to an action under this, and vice versa.) As to whether a given action or complaint is under § 2484, § 2485, or § 2486, of this Code, see L. & N.R.R. Co. v. Robinson, 141 Ala. 325 (37 So. 431). Action against railroad company for killing a child.L. & N.R.R. Co. v. Robinson, 141 Ala. 325 (37 So. 431). Amendment of complaint changing cause of action from § 25 or § 26 to § 27.Ib. Damages under § 2486 held punitive, while those under § 2485 are compensatory.L. & N.R.R. Co. v. Robinson, 141 Ala. 325 (37 So. 431)."
Note: Of course, the holding mentioned in the Commissioner's note that damages recoverable under § 26 are compensatory has been overruled.
It is quite apparent from a reading of the commissioner's comments that there could be only one cause of action for wrongful death. In Louisville & Nashville R.R. Co. v. Robinson, 141 Ala. 325, 37 So. 431 (1904), an action was brought by the mother of a deceased child, as the administatrix of the child's estate, for the alleged negligent killing of the child. This Court allowed an amendment of the complaint which changed the cause of action from § 25 (injury to a child) or § 26 (death of a child) or § 27 (wrongful death of the "testator" or "intestate").
It is well-settled that the limitations period found in § 6-5-410(d) is a statute of creation, and not subject to tolling provisions because it is "of the essence of the cause of action."
In Louisville & Nashville Railroad Co. v. Chamblee, 171 Ala. 188, 54 So. 681, 682 (1911), this Court held that the two-year period provided in the wrongful death statute, within which a wrongful death action *992 must be brought, is a statute of creation, because
"[the] period of two years is of the essence of the newly by the statute conferred right of action, and the plaintiff has the burden of affirmatively showing that his action was commenced within the period provided. It is not a limitation against the exercise of the remedy only.
..."
Accord, Downtown Nursing Home, Inc., v. Pool, 375 So.2d 465 (Ala.1979); Shirley v. Getty Oil Co., 367 So.2d 1388 (Ala.1979); Nicholson v. Lockwood Greene Engineers, Inc., supra; Parker v. Fies & Sons, supra; Larry v. Taylor, 227 Ala. 90, 149 So. 104 (1933).
This Court has consistently applied the general rules governing the distinction between a statute of creation and a statute of limitation, set forth below, in reaching the conclusion that the two-year period stated within § 6-5-410 is a statute of creation:
"It sometimes happens that a statute will create an entirely new right of action that did not exist at common law, and will expressly attach thereto, without any exception, the proviso that the action must be brought within a certain time from the date of its accrual. Conditions which are annexed to a right of action created by a statute in this manner must be distinguished from a limitation period under a true statute of limitations.

"The time element is an inherent element of the right so created, and such a provision will control, no matter in what form the action is brought." (Footnotes omitted.) (Emphasis added.)
51 Am.Jur.2d Limitation of Actions, § 8, p. 596 (1970).
"If the statute that authorizes the wrongful death action requires that it be brought within a certain time, this requirement is often treated as a condition to the right to maintain the action, and not as a technical statute of limitations. As sometimes expressed, the requirement that an action for wrongful death be instituted within a specified period is an integral part of the right in the nature of a condition precedent. One court, in speaking of the wrongful death statute, has said that a statute that in itself creates a new liability and gives an action to enforce it unknown to the common law and fixes the time within which that action may be commenced is not a statute of limitations, but a statute of creation. The statute, in fixing the time for commencement of the action, sets up an indispensable condition of the liability of the action that it permits. The statute constitutes an offer of an action on condition that it be commenced within the specified time, and if the offer is not accepted in the only way in which it can be accepted, by a commencement within the specified time, the action and the right of action no longer exist." (Footnotes omitted.) (Emphasis added.)
22 Am.Jur.2d Death § 35, p. 633 (1965).
Although § 6-5-391 does not contain a limitation period within the section itself, as does § 6-5-410, does that mean that the cause of action for the death of a minor is governed by the general statute of limitations, especially the tolling provisions of § 6-2-8? We think not.
When the original cause of action for wrongful death was legislatively created in 1852, it did not exclude wrongful death of minors. Thus, the two-year period included in the statute of creation applied equally to all persons. Subsequently, the statute that gave the right of action for wrongful death of a minor directly to the parent (presently § 6-5-391) did not create a cause of action for wrongful death; it allowed the parents to sue for any child's wrongful death. To conclude otherwise would be to hold that between 1852 and 1876 no cause of action existed in Alabama for the wrongful death of a minor. Thus, because the source of the period of limitations for the wrongful death of a minor was contained in the original 1852 wrongful death statute and continues to be included in § 6-5-410, it is a statute of *993 creation and not a tollable statute of limitations. The fact that the 1876 statute, vesting the cause of action in the parent, altered the period of limitations from two years to one year (a difference that was later eliminated) does not change its original source. Nor does the inclusion of this period of limitations in § 6-2-38(a) establish this separate listing as its statutory source.
The listing of the two-year period of limitations in § 6-2-38(a) must be taken for what it isnothing more and nothing less. It is a part of a total compilation of periods of limitations for causes of action ranging from those with no limitations to causes of actions of twenty years to six months. The legislature, in its wisdom, saw fit to bring together in one place in the Code the periods of limitations applicable to various common law causes of action. The fact that it elected to include within this compilation the periods of limitations applicable to wrongful death in no way reflects any legislative intent to establish this particular listing (now codified as § 6-2-38(a)) as the source of the periods of limitations for such actions.
Based on the foregoing, we can only reason that the two-year period fixed by § 6-5-410 is a statute of creation, and, therefore governs all suits for wrongful death, whether the death is that of a minor or an adult and whether the plaintiff is an adult, a minor, or a representative.
This same reasoning which we apply to § 6-5-391 was applied by the Court in Nicholson v. Lockwood Greene Engineers, Inc., supra, in reaching the conclusion that the tolling statute (§ 6-2-8) was inapplicable to actions deemed to have been brought under § 6-5-410:
"Counsel for appellants, plaintiffs below, argue that because of the provisions of Section 36, Title 7, Code of Alabama 1940 [§ 6-2-8], the appellant minors should be given the period allowed by law for the bringing of their action after the termination of their disability of nonage.
"The fallacy of this argument is that Section 36, supra, relates to statutes of limitation, and not to actions, such as the present one, where the time within which the statutorily created cause of action is fixed in the act creating the right, and is of the essence of the right.
"...
"... Particularly is this true since there is no saving clause in Section 123, Title 7 [§ 6-5-410], or in Section 312, Title 26 [§ 25-5-11], suspending or excepting the operation of the two year requirement in which suit must be brought under Section 123, supra, (Wrongful Death Action Statute), even as to those claimants under disability at the time the cause of action accrues.
"In the absence of a saving clause, expressed or implied, in a wrongful death act creating an otherwise nonexisting cause of action, it seems to have been the unanimous view of the courts of our sister states that minority of the plaintiff is not tolled by virtue of the provisions relating to general statutes of limitations wherein such minority does toll the operation of a pure statute of limitations. This for the reason that the time provisions within which a wrongful death act is of the essence of the action, and also, such limitation affects the liability itself, and not merely the remedy." (Emphasis added.) 278 Ala. 500, 179 So.2d 78-79.
See also Whitson v. Baker, 463 So.2d 146 (Ala.1985).
Defendants urge this Court to apply the untollable two-year period of § 6-5-410 to suits filed under § 6-5-391, as it was applied by the Court in Nicholson v. Lockwood Greene Engineers, Inc., supra, to a suit brought by a minor dependent pursuant to what is now Code of 1975, § 25-5-11, of the Alabama Workmen's Compensation Act. This we do.
Section 25-5-11(a), in pertinent part, follows:
"(a) Where the injury or death for which compensation is payable under this chapter was caused under circumstances *994 also creating a legal liability for damages on the part of any party other than the employer, whether or not such party is subject to the provisions of this chapter, the employee, or his dependents in case of his death, may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, and, at the same time, may bring an action against such other party to recover damages for such injury or death, and the amount of such damages shall be ascertained and determined without regard to this chapter...." (Emphasis added.)
In Nicholson v. Lockwood Greene Engineers, supra, the Court was faced with the issue of whether or not the limitation period for filing a wrongful death suit in an employment related death pursuant to what is now § 25-5-11(a), should be tolled by the minority of the plaintiffs, the deceased employee's dependent children. The Court held that their minority did not toll the two-year limitation period, by reasoning that:
"Such action, when brought, must be deemed to arise under the wrongful death statute (Section 123, Title 7, Code of Alabama 1940), for there can be only one action for wrongful death. Liberty Mutual Ins. Co. v. Lockwood Greene Engineering Co., Inc., 273 Ala. 403, 140 So.2d 821." 278 Ala. at 499, 179 So.2d at 78.
In a later case, Alabama Power Co. v. White, 377 So.2d 930 (Ala.1979), this Court explained the purpose of § 25-5-11 in relation to § 6-5-410:
"The Court of Civil Appeals of Alabama interpreted Code 1940, Tit. 26, § 312 (the predecessor of Code 1975, § 25-5-11), as a statute whose purpose was to confer upon the dependents of a deceased employee the capacity to bring suit in his behalf under certain circumstances:
"`Section 312 only extended the right to bring such action to dependents of a deceased, who met his death by accidental injury while within the course of his employment and granted to the employer subrogation rights for compensation paid or due. Previous to Section 312 only the administrator of the deceased's estate could bring a wrongful death action. Title 7, Section 123, 1940 Code of Alabama. Since the enactment of Section 312, if an employee covered by Workmen's Compensation met his death due to an act of a negligent third party and has dependents as defined under Workmen's Compensation, the right to bring an action for wrongful death is vested in the dependents and not in a personal representative under Title 7, Section 123. Robinson v. Western Railroad of Alabama, 243 Ala. 278, 9 So.2d 885. Thus Title 26, Section 312, and Title 7, Section 123 are construed together. If the deceased is an employee coming within the provisions of Workmen's Compensation and has dependents, any action for his wrongful death against a negligent third party must be brought by his dependents under Title 26, Section 312.'
"Baggett v. Webb, 46 Ala.App. 666, 674, 248 So.2d 275, 282 (1971) [emphasis omitted].
"The Supreme Court of Alabama gave the same interpretation to Code 1940, Tit. 26, § 312, the predecessor of Code 1975, § 25-5-11(a), as did the Court of Civil Appeals: `Section 312, Title 26, Code of Alabama 1940, gives to the dependents of an employee killed under circumstances creating liability against a third party a right to bring an action against such third party.' Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 499, 179 So.2d 76, 78 (1965) [emphasis omitted]....
"Appellant argues in its brief, and we agree that in Alabama there is but one cause of action for wrongful death, i.e., Code 1975, § 6-5-410. Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 179 So.2d 76 (1965). In other words, § 25-5-11(a) gives to the dependents of an employee killed under circumstances *995 creating liability against a third party a right to commence an action against such third party, but such action, when commenced must be deemed to arise under § 6-5-410. Nicholson, supra...." (Emphasis added.) 377 So.2d at 932-933.
Defendants argue that the right conferred in § 6-5-391 is so closely analogous to that conferred in § 25-5-11(a) that the same reasoning applied by the court in Nicholson, supra, should be applied here. We agree with the defendants. We recognize that § 6-5-410 and § 6-5-391 confer two separate and distinct causes of action, that the persons authorized to sue are not the same, and that the distribution of any recovery is different; but the fact remains that there can be only one action for wrongful death and that the two-year period is a statute of creation, and is of the essence of the right to sue.
The judgment of the trial court holding the action barred is due to be affirmed.
AFFIRMED.
MADDOX, JONES, SHORES, EMBRY and ADAMS, JJ., concur.
TORBERT, C.J., and FAULKNER, ALMON and BEATTY, JJ., dissent.
BEATTY, Justice (dissenting):
Because the majority's holding in this case contravenes rules of statutory construction long applied by this Court, I must dissent.
This case was originally assigned to the author of this dissent. The opinion as proposed did not carry. With the consent of this dissenter, the author of the present majority opinion has incorporated some of the language used in the originally proposed opinion. Since it has become necessary for this author to conform that original opinion into this dissent, some of the language used in the majority opinion will be repeated herein.
In concluding that the limitations period stated within Code of 1975, § 6-5-410 (hereinafter referred to as § 410), governs actions brought under § 6-5-391 (hereinafter referred to as § 391), the majority overlooks the unequivocal statutory and case history to the contrary and misapplies well-established rules of statutory construction. Those rules of construction, with respect to limitation of actions, bear repeating: "[W]here the time within which the statutorily-created cause of action is fixed in the act creating the right," it is a statute of creation and not subject to being tolled. Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 500, 179 So.2d 76, 78 (1965). However, a general statute of limitations, such as § 6-2-38, which is made applicable to one or several rights of action, and which is contained in a statute separate and apart from those statutes creating or conferring those rights of action, is subject to being tolled. Nicholson, supra.
Although, in its opinion, the majority recognizes that § 410 and § 391 "confer two separate and distinct causes of action," it, nevertheless, concludes that the original predecessor to § 391 (Code of 1886, § 2588) "did not create a cause of action for wrongful death; it [merely] allowed the parents to sue for any child's wrongful death." Without question, resolution of the crucial issue this case presents (i.e., whether actions brought under § 391 are subject to a statute of creation or a statute of limitations) involves statutory interpretation or construction, which turns on a determination of legislative intent. In its attempt to make this determination, the majority has clearly missed the mark.
The majority reasons that the "source" of the limitations period applicable to § 391 is § 410 because, prior to the enactment of the statute creating the parents' right of action (now § 391), the personal representative of a child's estate could bring an action under the statute creating a right of action in the personal representative for wrongful death (now § 410). In so holding, the majority discounts completely one factor that points up the inaccuracy of the majority's reasoning on this issue:

*996 "The fact that the 1876 statute, vesting the cause of action in the parent, altered the period of limitations from two years to one year (a difference that was later eliminated) does not change its original source."
Furthermore, although the personal representative had a cause of action prior to the anactment of § 391, the parents did not.
In effect, what the majority has done is substitute what it reasons to be the logical result (i.e., one cause of action for wrongful death subject to one limitations period of the same character) for that which the legislature intended in enacting § 391 and its predecessors, as is evidenced by both the language contained in and omitted from the statutes themselves.
First of all, it should be noted that when the original act (Act No. 61, Acts of Alabama, approved February 24, 1872), which contained the proviso "that suit must be brought ... within twelve months after the decease of said child," was codified in the Code of 1876 at § 2899, this proviso was deleted and, in its stead, a general limitations provision made applicable to the parents' action was added at Code of 1876, § 3231(7). This section provided that "[a]ctions under section 2899 by father or mother, against corporation or private association for wrongful act of officer or agent, causing death of minor child," must be brought within one year.
It is highly significant, and not to be overlooked, that, while the origin of this limitations statute is the original act creating the parents' right of action, in codifying this act, the legislature omitted the limitations period from the statute, § 2899, and placed it in a completely different chapter of the Code, namely, the chapter entitled, "Limitations of Actions." The fact that it was codified separately is strong evidence that, from the beginning, the legislature did not intend the parents' cause of action to be subject to a statute of creation.
Moreover, that the legislature chose, from the beginning, to place the parents' cause of action in a statute separate from that of the personal representative, and attach to it, in a completely different manner, a different time limitation (one year for the parents' action as opposed to two years for the personal representative's action) ought to be sufficient evidence of its intention that the parents' cause of action be separate and distinct from the personal representative's cause. Indeed, it seems to me that this factor alone adequately discredits the majority's misfounded notion that § 410 is so much the "source" of § 391 that this Court should ignore the history of § 391, separately, and in relation to § 410, and attach § 410's limitations period to § 391, when clearly this was never the legislature's intention.
Turning again to the statutory history of §§ 391 and 410, I find further evidence of the legislature's intent that these causes of actions are separate in the fact that just 19 days before passing the original act (Act No. 61, supra) the legislature passed Act No. 62, Acts of Alabama, approved February 5, 1872, which became the "new" wrongful death statute for the personal representative, repealing all prior wrongful death laws:
"AN ACT
"To prevent homicides.
"Section 1. Be it enacted by the General Assembly of Alabama, That when the death of a person is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action against the latter at any time within two years thereafter, if the former could have maintained an action against the latter for the same act or omission, had it failed to produce death, and may recover such sum as the jury deem just, and the amount so recovered shall be distributed as personal property of an intestate is now distributed; and shall not be subject to the payment of the debts of the deceased.
"Section 2. Be it further enacted, That the right of action hereby given shall survive against the personal representative of the person unlawfully causing the death aforesaid.

*997 "Section 3. Be it further enacted, That all laws and parts of laws which may contravene the provisions of this act be, and the same are hereby repealed.
"Approved, February 5, 1872."
Later, when both of these death acts were put into the Code of 1876, the intended difference in the limitations period applicable to each surfaced. Not only did the legislature attach different time limitations to each action, but it also left the two-year period inside § 410 (then Code of 1876, § 2641), and did not put in a general limitations section in Chapter 2 of that Code, supra, applicable to § 410.
With respect to § 391 (then § 2899), the legislature did the exact opposite. As explained above, instead of leaving the one-year period inside the statute, as it had appeared in the act, the legislature omitted it entirely from the statute, and put in a general limitations section (§ 3231(7)) in the chapter of that Code entitled "Limitations of Actions." Clearly, this deliberate action on the part of the legislature reflects their intentions with respect to the limitations period applicable to § 391. The fact that they treated it differently from that in § 410 indicates they intended it to be given a different effect. And, under the rules of statutory construction, correctly stated but incorrectly applied by the majority, the difference in the effect is clear: the limitation contained in § 410 operates as a statute of creation, and the limitation to § 391 does not; therefore, § 391 is subject to a statute of limitations, which is § 6-2-38(a). How could it be otherwise?
The legislative history goes on. Nine years after the original statute, § 2899, supra, was held unconstitutional, the legislature "re-enacted" the statute in 1885, curing its constitutional infirmities. This time, the legislature did not even state a limitations period in the new act, the language of which theretofore controlled:
"An Act
"Allowing parents or personal representative of a minor child to sue a person or corporation for a wrongful act or omission causing any personal injury to, or death of, such minor.
"Section 1. Be it enacted by the General Assembly of Alabama, That when any personal injury or the death of any minor child is caused by the wrongful act, or omission of any person, or any officer, or agent of an incorporated company, or private association of persons, the father, or in case of his death, or desertion of his family, the mother, or in case of their death the legal representative of such minor may maintain an action against such person, corporation, or private association of persons, for such wrongful act or omission, and may recover such damages as the jury may assess; Provided, that but one suit shall be maintained for the said injuries or death.
"Approved January 23, 1885." 1885 Ala. Acts 99.
Nor was the limitations period stated in the new statute codified in the Code of 1886 at § 2588:
"When the death of a minor child is caused by the wrongful act, or omission, or negligence of any person or persons, or corporation, his or their servants or agents, the father, or the mother, in the cases mentioned in the preceding section, or the personal representative of such minor, may sue and recover such damages as the jury may assess; but a suit by the father or mother, in such case, is a bar to a suit by the personal representative...."
The general limitations statute, § 3231(7), supra, was merely amended in the Code of 1886 (§ 2619(5)) by removing the language held unconstitutional:
"2619. Within one year,
"...
"5. Actions for damages for wrongful act or omission, causing personal injury to, or death of a minor, under section 2588."
Then, in the Code of 1896, the legislature did something which shows, without a doubt, that it intended that the two causes of action were different and subject to two different periods of limitations. In that *998 Code, the legislature added a section in the "Limitation of Actions" chapter providing that actions under § 410 (then § 27) must be commenced within two years, while retaining the succeeding section (§ 2801) that provided for the one-year limitations period for actions brought under § 391 (then § 26)[1]:
"2800. Limitation of two years. Action by representative to recover damages for wrongful act, omission or negligence causing death of the decedent, under section 27 (2589).
"2801. Within one year,
"...
"5. Actions for damages for wrongful act or omission, causing personal injury to, or death of a minor, under section 26 (2588)."
It was not until the 1907 Code that the legislature amended the limitations period applicable to actions brought under § 391 (then § 2485), making it two years as well:
"4839. (2800) Limitation of two years. Action by representative to recover damages for wrongful act, omission, or negligence causing death of the decedent, under sections 2486(27) and 2485(26)." (Emphasis added.) Code of 1907.
It is worth noting that § 4839 above and now § 6-2-38 refer expressly to only "[a]n action by a representative" under §§ 391 and 410 and do not make any mention of an action by a parent under § 391. Doubtless, the two-year period in § 6-2-38 would be applied by analogy to the parent's action. Nevertheless, the necessity of applying § 6-2-38 to the parent's action by analogy further supports the correct construction that the time for bringing actions pursuant to § 6-5-391 is tolled by the minority of a surviving parent of the deceased minor child.
Notwithstanding this, the majority makes no attempt to rationalize its conclusion as to what the legislature intended, even in view of the fact that up until 1907 the length of the limitations period applicable to each cause of action was different. Furthermore, even though the legislature saw fit to give each plaintiff (the personal representative or the parent) the same length of time in which to bring an action, it does not follow from this that the legislature also intended to change the character of each of the limitations periods. Evidence of that would have had to have been something different indeed. For example, evidence of the legislative intent to make § 391 subject to a statute of creation might be an amendment to the statute itself, stating within it a two-year limitations period. The converse would be true with respect to § 410an intent to change the character of its limitations period could be inferred from an amendment striking the two-year period stated in § 410, while leaving § 6-2-38(a) intact. The result of this would be to have both § 391 and § 410 subject to a pure and tollable statute of limitations.
Nevertheless, what we have is that, while both § 391 and § 410 are enumerated in § 6-2-38(a), only § 410 has the two-year period fixed in the statute creating the right, Nicholson, supra, making only that section subject to a statute of creation. *999 Unlike § 410, § 391 does not fix the time within which that action may be commenced. The limitations period applicable to § 391 is found in § 6-2-38(a), and, therefore, according to the rules of construction adopted by this Court, it is a statute of limitations subject to tolling under § 6-2-8. Furthermore, there is absolutely nothing in the legislative or case history of either statute to indicate that the limitations period contained in the wrongful death statute (§ 410) was ever applicable to or the "original source" of the limitations period applicable to the parents' cause of action for the wrongful death of their minor child.
In holding that the period fixed by § 410 "governs all suits for wrongful death," perhaps the majority fails to see any reason or logic in having the parents' action under § 391 subject to a limitations period of a different kind than that applicable to the action by the personal representative under § 410. The reason is easy to see. The action for wrongful death under § 410 belongs to the personal representative who, by statute, cannot be subject to those disabilities which trigger the tolling statutes. Code of 1975, § 43-2-22. A parent, on the other hand, may indeed be so disabled at the time his or her right of action under § 391 accrues. This the legislature has always known. Thus, the logic in having the distinction between the two causes of action is clear.
The majority purports to apply the same reasoning applied by the Court in Nicholson, supra, concluding that "there can be only one action for wrongful death," and that the two-year limitations period found within § 410 is applicable to any suit filed for wrongful death. The majority so concludes despite its express recognition that "§ 6-5-410 and § 6-5-391 confer two separate and distinct causes of action, that the persons authorized to sue are not the same, and that the distribution of any recovery is different." I emphasize that the Court in Nicholson did not in any way address the applicability of § 410's limitations period to actions under § 391. It was concerned only with § 410's applicability to Code of 1975, § 25-5-11.
Section 25-5-11(a) states, in pertinent part:
"(a) Where the injury or death for which compensation is payable under this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not such party is subject to the provisions of this chapter, the employee, or his dependents in case of his death, may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, and, at the same time, may bring an action against such other party to recover damages for such injury or death, and the amount of such damages shall be ascertained and determined without regard to this chapter...." (Emphasis added.)

In Nicholson, supra, the Court had to decide whether or not the limitations period for filing a wrongful death suit in an employment related death, pursuant to what is now § 25-5-11(a), should be tolled by the minority of the plaintiffs, the deceased employee's dependent children. The Court held that their minority did not toll the two-year limitations period by reasoning that:
"Such action, when brought, must be deemed to arise under the wrongful death statute (Section 123, Title 7, Code of Alabama 1940), for there can be only one action for wrongful death. Liberty Mutual Ins. Co. v. Lockwood Greene Engineering Co., Inc., 273 Ala. 403, 140 So.2d 821." (Emphasis added.) 278 Ala. at 499, 179 So.2d at 78.
Thus, the Court in Nicholson concludes that actions brought by dependents pursuant to § 25-5-11 "must be deemed to arise under" § 410. Clearly, this statement is not true with respect to § 391, under the facts of the present case. For the moment, I quote only from Benson v. Robinson, 223 Ala. 85, 86, 134 So. 799, 800 (1931), and deal with this issue in more depth below:

*1000 "We have recently had occasion to observe that for the death of a minor child section 5695, Code [§ 391], provides the only action for damages if at the time of the injury the minor had a parent living.... The authority for the statement is the interpretation of section 5695 made in two of the former decisions of this court. T.C.I. Co. v. Herndon, 100 Ala. 451, 14 So. 287; White v. Ward, 157 Ala. 345, 47 So. 166, 18 L.R.A. (N.S.) 568. It is pointed out in those cases that when a minor is thus wrongfully killed, and has a parent then living, the claim for damages is wholly for the benefit of such parent, and if they should thereafter die, it is for the benefit of their estate. It is further said that if the suit is by the administrator of the minor, he is acting as a quasi trustee for the parents, under statutory designation. It is only when the minor has no parent living at the time injury is received that the suit by the administrator is controlled by section 5696, Code [§ 410], for the benefit of the distributees of the deceased minor." (Emphasis added.)
Indeed, these various statutes are different and to construe them as the majority does is to completely abrogate those rules of construction applied in Nicholson, which the majority purports to follow.
In Alabama Power Co. v. White, 377 So.2d 930 (Ala.1979), this Court explained the purpose of § 25-5-11 in relation to § 410:
"The Court of Civil Appeals of Alabama interpreted Code 1940, Tit. 26, § 312 (the predecessor of Code 1975, § 25-5-11), as a statute whose purpose was to confer upon the dependents of a deceased employee the capacity to bring suit in his behalf under certain circumstances:
"`Section 312 only extended the right to bring such action to dependents of a deceased, who met his death by accidental injury while within the course of his employment and granted to the employer subrogation rights for compensation paid or due. Previous to Section 312 only the administrator of the deceased's estate could bring a wrongful death action. Title 7, Section 123, 1940 Code of Alabama. Since the enactment of Section 312, if an employee covered by Workmen's Compensation met his death due to an act of a negligent third party and has dependents as defined under Workmen's Compensation, the right to bring an action for wrongful death is vested in the dependents and not in a personal representative under Title 7, Section 123. Robinson v. Western Railroad of Alabama, 243 Ala. 278, 9 So.2d 885. Thus Title 26, Section 312, and Title 7, Section 123 [§ 410] are construed together. If the deceased is an employee coming within the provisions of workmen's compensation and has dependents, any action for his wrongful death against a negligent third party must be brought by his dependents under Title 26, Section 312.'
"Baggett v. Webb, 46 Ala.App. 666, 674, 248 So.2d 275, 282 (1971) [emphasis omitted].
"The Supreme Court of Alabama gave the same interpretation to Code 1940, Tit. 26, § 312, the predecessor of Code 1975, § 25-5-11(a), as did the Court of Civil Appeals: `Section 312, Title 26, Code of Alabama 1940, gives to the dependents of an employee killed under circumstances creating liability against a third party a right to bring an action against such third party.' Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 499, 179 So.2d 76, 78 (1965) [emphasis omitted]....
"...
"... Appellant argues in its brief, and we agree that in Alabama there is but one cause of action for wrongful death, i.e., Code 1975, § 6-5-410. Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 179 So.2d 76 (1965). In other words, § 25-5-11(a) gives to the dependents of an employee killed under circumstances creating liability against a third party a right to commence an action against such third party, but *1001 such action, when commenced must be deemed to arise under § 6-5-410. Nicholson, supra. ..." (Emphasis added.) 377 So.2d at 932-933.
It is the very language of § 25-5-11 that distinguishes it from § 391, and which led this Court to conclude in Alabama Power Co. v. White, supra, that an action brought by the dependents pursuant to § 25-5-11(a) "when commenced must be deemed to arise under § 6-5-410." Section 25-5-11(a) does not create a cause of action. It refers to death caused under circumstances creating "legal liability for damages," and further states that "such damages shall be ascertained and determined without regard to this chapter." From this language, it is clear that the statute is making implicit reference to § 410, which creates the only legal liability for damages in Alabama in case of the wrongful death of an adult. This is why the Court in Nicholson, and later in Alabama Power Co. v. White, held that an action brought pursuant to § 25-5-11 "must be deemed to arise under § 6-5-410."
Section 391 is different; it does create a cause of action in and of itself, and the parents' action for the wrongful death of their minor child is brought under § 391 and not § 410. Therefore, although § 25-5-11 merely extends the class of persons who can bring a wrongful death action under § 410, § 391 does not just merely "extend the class." Except for the fact that § 391 is congenerous with § 410, as well as the fact that by judicial interpretation other similarities have been deemed to exist between the two statutes, they are indeed separate and distinct statutes conferring separate and distinct causes of action, a fact the majority recognizes.
However, while it is true that the Court has construed § 25-5-11 as merely extending the class of persons who can bring a wrongful death action under § 410, the Court has not likewise so construed § 391 or its predecessors.
The first case construing the first act conferring a cause of action on the parents for the wrongful death of their minor child is Smith v. Louisville & Nashville Railroad Co., 75 Ala. 449 (1883). There the Court described the nature and purpose of the act, as it was then codified:
"The section of the Code reads as follows:
"`When the death of any minor child is caused by the wrongful act or omission of any officer or agent of an incorporated company, or private association of persons, the father of such child, or if the father be not living, the mother, may maintain an action against such corporation or private association of persons, for such wrongful act or omission, and may recover such damages as the jury may assess.'

"This statute creates an entirely new cause of actionone theretofore unknown. Before its enactmentFeb. 24, 1872neither the father nor mother could recover damages for such killing...." (Emphasis added.) 75 Ala. at 450.
For reasons not material here, the statute quoted above was found to be unconstitutional. Later, after its constitutional infirmities were remedied by the legislature, it was recodified in 1885. See 1885 Ala. Acts 99, supra.
In a later case, White v. Ward, 47 So. 166, 167, 157 Ala. 345, 349 (1908), the Court, construing the 1885 Act, then codified in Code of 1896, § 26, points out an important characteristic of § 391 (then § 26), which distinguishes it from § 410 (then § 27):

"There was no right of action at the common law for the death of the child. Williams' Case, 91 Ala. [635] 638, 9 South. 77. The right to recover damages for its death is therefore purely statutory. The statute awards the damages and the right to sue for them to the parents of the deceased child. Section 26, Code 1896. Under the statute as originally enacted the administrator could not sue, except in the case of the death of the parents. But by the Code the administrator may also sue and recover the damages, but the recovery is wholly for the benefit of the parents. *1002 T.C.I. & R. Co. v. Herndon, 100 Ala. [451] 457, 14 South. 287. By the express provisions of the statute a suit by the parents or by the administrator, after passing into judgment, operates as a complete bar to the action by the others, showing conclusively that the administrator is the mere statutory designation and appointment of a quasi trustee who may sue for the recovery of damages belonging to the parents of the child. By the common law the administrator held, and still holds, the legal title to all the assets and choses in action of the deceased; but the property of the chose in action in this case never did belong to the deceased. It is a right raised exclusively by the statute, and the property vests in the parents of the deceased, who have a personal right to sue for the same as their own property...." (Emphasis added.)
The cause of action for the wrongful death of an adult belongs to the personal representative and must be brought pursuant to § 410. Furthermore, the damages recoverable under § 410 must be distributed according to the statute of distributions. This is not so under § 391. Even if the personal representative brings the action for the wrongful death of a minor child, who has left parents or a parent surviving, the action must be brought under § 391, and the damages recovered belong exclusively to the parents of the child. See quote from Benson v. Robinson, supra. This point is unequivocally made by the Court in Peoples v. Seamon, 249 Ala. 284, 31 So.2d 88 (1947)[2]:
"When a minor child is killed by the wrongful act of another, and he leaves surviving his father, the damages recoverable are for the benefit of the father, where the suit is by the father personally or by an administrator.... It was said in Louisville & Nashville R.R. v. Bogue, 177 Ala. 349, 360, 58 So. 392, 393, 396: `As now reconstructed in the new Code, it (now substantially as in section 119, supra) [§ 391], is evidently designed to furnish a complete system for all actions for the death of a minor child,' meaning when a parent survived.
"Those cases also hold that if the suit is by the administrator of the minor leaving a father in the exercise of parental care, he is acting as a quasi trustee for the father, and the recovery is not for the estate of the child nor his distributees. Therefore if the deceased child leaves such a parent, the suit is controlled entirely by section 119, supra [§ 391], and section 123 [§ 410], supra, has no application. ...
"...
"Both sections 119 and 123, Title 7, Code, as did their predecessors, authorize *1003 suit by the administrator. But it is not available for the administrator to select either section 119 or 123 as the basis of his right of action. Both statutes cannot apply to the same situation with the right of plaintiff to select one or the other as he sees fit. State v. Summer, 248 Ala. 545, 28 So.2d 565; Patterson v. Jefferson County, 238 Ala. 442, 191 So. 681.
"We adhere to the principle stated in our cases that when the death of a minor is wrongfully caused, and he leaves a parent surviving, who is not disqualified under section 118, section 119, and not section 123, supra, has application, and the damages recoverable are solely for the benefit of that parent, who may sue in his own name, or if he becomes administrator may sue as such for his sole benefit.
"... The earlier cases proceeded as under section 123, rather than 119, supra, when there was an administrator, even though a parent survived the death of the child. Our later cases have not followed that theory, and the result is that when a parent survives and is qualified, section 119 is the only available statute, and the recovery is solely for the benefit of that parent...." (Emphasis added.) 249 Ala. 287-288, 31 So.2d 89-91.
Since the enactment of § 391 and its predecessors, the Courts have construed it as having conferred a cause of action separate and distinct from that conferred in § 410. In Adkison v. Adkison, 286 Ala. 306, 308, 239 So.2d 562, 564 (1970), the Court reiterated that
"The right of action for a child's wrongful death was unknown to the common law. It is the creation of a statute (§ 119 in this case), and its precepts chart the strict course which we are enjoined to follow in its application to the facts of this case. Taylor v. City of Clanton, 245 Ala. 671, 18 So.2d 369; Giles v. Parker, 230 Ala. 119, 123, 159 So. 826; White v. Ward, 157 Ala. 345, 47 So. 166, 18 L.R.A. (n.s.) 568; Smith v. Louisville & N.R.R. Co., 75 Ala. 449."
The Court in Adkison went on to hold that the damages recoverable in that case belonged to the father of the deceased minor child.
And yet, while clear differences in purpose and effect exist between the two death statutes, the courts have also interpreted the legislative intent to be that certain similarities exist as well. In Williams v. South & N.A.R. Co., 9 So. 77, 91 Ala. 635 (1891), the Court implied a limitation analogous to the one expressed in § 410's predecessors, but not expressed in § 391's predecessors:
"At common law, the father could sue for and recover damages for an injury not resulting in death wrongfully done to his minor son. The damages were to compensate him for the loss of services. If death resulted, the action was not maintainable. Stewart v. Railroad Co., 83 Ala. 493, 4 South.Rep. 373; Railway Co. v. Goodykoontz, 119 Ind. 111, 21 N.E.Rep. 472.
"The statute, section 2588 [§ 391], confers the right of action on the father, although death may have resulted. Section 2589 [§ 410] of the Code gives the right of action to the personal representative in cases where the decedent could have sued and recovered, had the injury not resulted in death. The right of the father is not restricted in express terms to the limitation contained in section 2589. We hold that, under section 2588 of the Code, the father may recover in all cases where, at common law, he might have recovered if the injury had not resulted in death, and that the purpose of this statute was to give the father the right of action, although death resulted from the injury...." (Emphasis added.) 9 So. at 18, 91 Ala. at 638-639.
In a later case, Wolfe v. Isbell, 291 Ala. 327, 280 So.2d 758 (1973), the Court held that, as a general rule of law, the same limitation expressed in § 410 would apply to actions brought under § 391:
"[I]t is essential to the maintenance of an action for death by wrongful act or default *1004 that the act or default be of such character as would have supported an action by the deceased for his injuries if he had survived. If the deceased never had a cause of action, none accrues under a wrongful death statute. Owens v. Auto Mutual Indemnity Co., 235 Ala. 9, 177 So. 133; Harris v. A.J. Spencer Lumber Co., 185 Ala. 648, 64 So. 557; Lovell v. DeBardelaben Coal and Iron Co., 90 Ala. 13, 7 So. 756. On this point it is stated in Harris v. McNamara, 97 Ala. 181, 183, 12 So. 103, 104, as follows:
"`* * * Nor does it matter that the parent sues, instead of the injured party in case of injury merely, or the personal representative in case of death. The basis of the action is the wrong done the injured party, and the right to redress that wrong which the statute confers upon the parent in case of death, is not more enlarged than that which would belong to the deceased himself if death had not resulted, and he were suing for the personal injury. * * *'

"It follows that the right to maintain an action for the wrongful death of an unborn child depends on the right of the particular child, if he had survived, to maintain an action for injuries sustained." 291 Ala. at 330, 280 So.2d at 760-761.
Nevertheless, in Louisville & Nashville R.R. v. Bogue, 177 Ala. 349, 58 So. 392 (1912), the Court referred to § 410's predecessor as the "congener" of § 391's predecessor, which means that the two statutes, while not the same, are of the same kind; that is, they bear a relationship to one another, or resemble each other in character, nature, or action. Webster's Third New International Dictionary, p. 478 (1971); Webster's New Collegiate Dictionary, p. 238 (1973). However, the Court in Louisville & Nashville R.R. v. Bogue, supra, went on to hold that because the legislature used the same language in both statutes, it intended the damages recoverable under both sections to be punitive and not compensatory:
"Counts 5, 7, and 8, added by amendment to the original complaint, and upon which alone the case was really tried, are clearly not framed under the Employers' Liability Act, and must be regarded as stating causes of action under code, § 2485 [§ 391], which gives to the father, mother, or personal representative contingently a right of action for the unlawful or negligent killing of a minor child. In a very clear and convincing analysis of this section and its congenersection 2486[§ 410] appended thereto by the code commissioner in the Code of 1907, it is quite satisfactorily shown that, under each section, the damages authorized to be recovered are punitive, and not compensatory. Each section relates to homicides and confers a right of action unknown to the common law, and the language of each is identical with respect to the nature of the damages that may be recovered. `Such damages as the jury may assess' cannot by any rational rule of construction mean punitive damages in the one, and compensatory damages in the other; and to so hold would in our opinion be simply an act of judicial legislation. The entire language of the statute follows as closely as possible the language of the older statute (section 2486) for the prevention of homicides; and the damages authorized under that statute have always been held to be punitive only...." (Emphasis added.) 58 So. at 395, 177 Ala. at 359.
It is clearly evident from the above quoted passage, as well as the other authorities quoted herein, that the two statutes have been regarded as conferring two separate and distinct causes of action and are to be given effect accordingly. This was the apparent intent of the legislature and, since the time § 410 and § 391 were first enacted, the courts have endeavored to give effect to each statute according to this legislative intent. The legislature chose to confer, in a separate statute (§ 391), a cause of action congenerous with that conferred in § 410. In so doing, the legislature chose not to expressly state a limitations period within § 391 itself, as it had done in § 410. *1005 The legal effect of this omission by the legislature is to make the right of action conferred in § 391 subject to a technical statute of limitations (§ 6-2-38(a)), and not subject to a statute of creation. This distinction, the majority ignores.
The Court in Nicholson, supra, correctly applied the rules of construction governing limitations of actions in reaching the conclusions that the tolling statute (§ 6-2-8) was inapplicable to the actions deemed to have been brought under § 410, not § 391:
"Counsel for appellants, plaintiffs below, argue that because of the provisions of Section 36, Title 7, Code of Alabama 1940 [§ 6-2-8], the appellant minors should be given the period allowed by law for the bringing of their action after the termination of their disability of nonage.
"The fallacy of this argument is that Section 36, supra, relates to statutes of limitations [such as § 6-2-38], and not to actions, such as the present one [brought under § 6-5-410], where the time within which the statutorily created cause of action is fixed in the act creating the right, and is of the essence of the right.
"...
"... Particularly is this true since there is no saving clause in Section 123, Title 7 [§ 6-5-410], or in Section 312, Title 26 [§ 25-5-11], suspending or excepting the operation of the two year requirement in which suit must be brought under Section 123, supra, (Wrongful Death Action Statute), even as to those claimants under disability at the time the cause of action accrues.
"In the absence of a saving clause, expressed or implied, in a wrongful death act creating an otherwise nonexisting cause of action, it seems to have been the unanimous view of the courts of our sister states that minority of the plaintiff is not tolled by virtue of the provisions relating to general statutes of limitations wherein such minority does toll the operation of a pure statute of limitations. This for the reason that the time provision within which a wrongful death act is of the essence of the action, and also, such limitation affects the liability itself, and not merely the remedy...." (Emphasis added.) 278 Ala. 500, 179 So.2d 78-79.
Thus, the Nicholson court makes the distinction between statutes of limitations and statutes of creation with respect to the operation of tolling statutes, a distinction the majority has failed to apply to the statutes involved in this case.
Most recently, in Whitson v. Baker, 463 So.2d 146, 149 (Ala.1985), this Court, quoting Nicholson, supra, said:
"In response to plaintiff's argument that the tolling statute was applicable [in Nicholson, supra], this Court stated that Section 6-2-8 `relates to statutes of limitations, and not to actions, such as the present one, where the time within which the statutorily created cause of action is fixed in the act creating the right, and is of the essence of the right.' 278 Ala. at 500, 179 So.2d at 78. Similarly, in Mewburn [v. Bass, 82 Ala. 622, 2 So. 520 (1887)], this Court ruled that the tolling statute was inapplicable to a mortgagor's right of redemption. The two year period provided for such [redemption] actions is also contained in the statute providing for the action, not in the chapter enumerating statutes of limitations.

"Unlike the statutes in Mewburn and Nicholson, § 1983 contains no limitations period. Federal courts look to state law to determine the applicable limitations. Federal courts also apply the tolling statutes applicable to state statutes of limitations. Johnson v. Railway Express Agency, 421 U.S. 454, 464, 95 S.Ct. 1716 [1722], 44 L.Ed.2d 295 (1975). The applicable statute of limitations, § 6-2-39(a)(5), is contained in Chapter 2. Since the statute of limitations applicable to § 1983 actions is contained in Chapter 2, it appears to us that the requirement of `enumeration' in Chapter 2 contained in the tolling statute is satisfied with regard to § 1983 actions." (Emphasis added.)
*1006 Without question, § 6-2-38 is a general statute of limitations, not a statute of creation, and, therefore, under the rules applied in Nicholson, supra, § 6-2-38 is tolled by the minority of the plaintiff. Indeed, but for the fact that the two-year limitations period is expressly stated in § 410, the application of § 6-2-38 to actions brought under § 410 would operate as a general statute of limitations, subject to tolling. However, because the limitations period is stated within § 410, it is a statute of creation, not subject to tolling provisions.
Since the enactment of § 391, the legislature has not seen fit to amend § 391 or its predecessors to insert an express proviso similar to the one it saw fit to delete in 1885. The rule that obtains in this jurisdiction is that the last expression of legislative will must prevail. Fidelity & Deposit Co. of Maryland v. Goodwyn, 231 Ala. 44, 163 So. 341 (1935); First National Bank of Scottsboro v. Jackson County, 227 Ala. 448, 150 So. 690 (1933). The last expression in this instance would indicate that the legislature preferred the right of action conferred by § 391 to be governed by a general statute of limitations (§ 6-2-38(a)), rather than an untollable statute of creation. Such an intention is evident not only from the fact that the legislature chose to delete the limitations period stated in the original act, but also from the fact that in 1907, instead of amending § 391, the legislature chose to amend what is now § 6-2-38(a), making that general statute of limitations expressly applicable to § 391.

"It is presumed that an amendment is made to effect some purpose, which may be either to alter the operation and effect of earlier provisions or to clarify the meaning thereof, and it is also presumed that the legislature amends a statute with knowledge of existing statutes and existing conditions of common law, and that it does not do a vain thing...." (Footnotes omitted.) (Emphasis added.) 82 C.J.S. Statutes § 384, pp. 897-898 (1953).
For the foregoing reasons, I would conclude that plaintiff's action was timely filed. Accordingly, I believe summary judgment was improperly granted and would, therefore, reverse and remand for further proceedings.
TORBERT, C.J., and FAULKNER and ALMON, JJ., concur.
NOTES
[1] Clearly, this listing by the legislature of the two-year period applicable to actions under § 410 is an action of the kind described by the majority:

"... It is a part of a total compilation of periods of limitations for causes of actions ranging from those with no limitations to causes of actions of twenty years to six months. The legislature, in its wisdom, saw fit to bring together in one place in the Code the periods of limitations applicable to various common law causes of action. The fact that it elected to include within this compilation the periods of limitations applicable to wrongful death in no way reflects any legislative intent to establish this particular listing (now codified as § 6-2-38(a)) as the source of the periods of limitations for such actions."
The above quoted statement is true with respect to § 410, because the two-year period is and has always been stated within § 410. But such is not and has never been the case with § 391. From the beginning, the limitations period applicable to § 391 has always been found in the "Limitation of Actions" chapter of the various Codes. Consequently, those sections, and not § 410, have been the source of the applicable limitations period for § 391. Therein lies the distinction between a statute of creation and a statute of limitations.
[2] The Court in Peoples, supra, stated that "[t]here is nothing in the case of Taylor v. City of Clanton, 245 Ala. 671, 18 So.2d 369 [(1944)], which is intended to conflict with the [holding reached by the Court in Peoples]." In Taylor, supra, the Court in dicta gave its opinion on an issue which that Court expressly reserved:

"The writer has serious doubt that a personal representative may maintain an action under the provisions of section 119, Title 7, Code of 1940. The reason is, section 123, Title 7, Code of 1940, gives to the personal representative the right to maintain an action for the wrongful death of a minor as well as the right to maintain an action for the wrongful death of an adult; and section 123, supra, was enacted long prior to the adoption of section 119, supra. As said by Justice McClellan [also dicta to the holding], in Lovell v. De Bardelaben Coal & Iron Co., 90 Ala. 13, 7 So. 756, 757, in reference to section 2588, Code of 1886 (now section 119, supra): `Its reference to the personal representative was necessary, on the one hand, to give the parents priority of right over him, and on the other to exclude a construction which might have defeated the representative's right to sue under section 2589 of the Code (now section 123, Title 7, Code of 1940) in a case where the parents had died after right of action accrued, and before suit brought.' See, also, McWhorter Transfer Co. v. Peek, 232 Ala. 143, 167 So. 291. But a decision of the question is not here necessary and we lay it to one side."
"... The right conferred on the personal representative to sue, whether by section 119, supra, or 123, supra,a question we do not now decide,being a new one, is not found in any administrative right at common law based upon the title of the deceased...." 245 Ala. at 674, 18 So.2d at 371-372.
The Court in Peoples v. Seamon, supra, decided that question reserved in Taylor v. City of Clanton, supra, at least where the deceased minor child is survived by its parent or parents.