MURDOCK, Justice
(concurring specially).
I concur in the main opinion. I write separately to offer three observations.
First, the language of § 12-15-114, Ala. Code 1975, adopted by the legislature in the 2008 amendments to the Alabama Juvenile Justice Act affirmatively recognizes jurisdiction in the juvenile courts in depen *195 dency cases and two other categories of cases; it does not expressly limit the jurisdiction of juvenile courts to those categories. Normally, the latter fact would be of little or no significance, given that the juvenile court is a court of limited jurisdiction and is dependent for its authority upon legislative enactment. ■ In this unique ease, however, the latter fact is noteworthy in light of (1) the fact that the language in the succeeding provisions of the Alabama Juvenile Justice Act contemplates; as discussed in the main opinion and in Judge Pittman’s dissenting opinion in the Court of Civil Appeals, that all termination petitions, including those filed by one parent against the other, will be prosecuted in the juvenile courts, (2) the fact that it was well settled at the time of the enactment of the 2008 amendments to the Alabama Juvenile Justice Act that juvenile courts had exclusive original jurisdiction over all termination-of-parental-rights cases, (3) the fact that a showing of dependency is unnecessary and “illogical” in termination-of-parental-rights cases brought by one parent against the other, Ex parte Beasley, 564 So.2d 950 (Ala.1990), and (4) the fact that “ ‘ “[t]he Legislature is presumed to • be aware of existing law and judicial interpretation when it adopts a statute.” ’ ” See Wright v. Childree, 972 So.2d 771, 778 (Ala.2006) (quoting Ex parte Louisville & Nashville R.R., 398 So.2d 291, 296 (Ala. 1981)). Given these circumstances, if the legislature had in fact intended in 2008 to move jurisdiction over some, but not all, types of termination-of-parental-rights cases from the juvenile courts to the circuit courts, one would expect it to have been more explicit in saying so rather than purposing to achieve such a .significant result by silence and default, relying merely on the fact that § 142(b) of the Alabama Constitution of 1901 makes the circuit court the court of general jurisdiction.
Second, I read the discussion in the main opinion of T.K v. M.G., 82 So.3d 1 (Ala.Civ.App.2011), as one intended merely to point out the inconsistency between the result achieved' by the Court of Civil Appeals in that case and the result achieved by the Court of Civil Appeals in the present case; I do not read the main opinion as embracing the rationale of the Court of Civil Appeals in T.K
Indeed, the main opinion concludes its discussion of T.K by noting that, by statutory definition, a “ ‘dependent child’ ”, is one “who ‘is in need of care or supervision’ and ‘[w]ho is without a parent, legal guardian, or legal custodian willing and able to provide for the care, support, or education of the child.’ ” 176 So.3d at 193 (quoting § 12-15-102(8)a.2., Ala.Code 1975) (emphasis added). The main ' opinion then adds: “So long as the parent is' fit, it should make no difference whether that parent currently has custody.” 176 So.3d at 193. That is, it should make no difference if the petitioning parent is the custodial parent or the noncustodial parent. If the petitioner, in light of all the relevant facts and circumstances, is a fit, willing, and able parent in relation to the child in question, then the child by definition is not a “dependent” child.[2]
It was this notion — that a child cannot be considered to be “dependent” on the *196 State for care so long as the child has at least one “fit, willing, and able” parent— that was the basis for this Court’s holding in Beasley that requiring a showing of dependency in a termination-of-parental-rights ease brought by one parent against the other, at least where the petitioning parent is alleged to be a fit, willing, and able parent, would be “illogical”:
“Where the State seeks to terminate parental rights, the ‘finding of dependency’ necessarily applies to the State to protect against an unwarranted intrusion into parental rights and to comply with the- requirements of due process ....
“In viewing the ‘dependency1 issue in the context of the State’s attempt t.o terminate parental rights, the State would have standing only where both parents are found to be unfit or otherwise unable to discharge the responsibilities of parenthood ....
“Conversely, when one parent seeks to terminate the other parent’s parental rights, a ‘finding of dependency’ is not required. As stated above, if a finding of dependency’ were a requisite element of proof, the following illogical result could arise: The petitioning parent, who is adequately caring for the child, would have, to prove that he or she is not providing adequate care for the child and, therefore, could then be estopped from bringing such an action. We hold, therefore, that, when one .parent seeks to terminate the other parent’s parental rights, a ‘finding of dependency1 is not required, and the trial court should determine whether the petitioner has met the statutory burden of proof and whether that termination is in the child’s best interest, in light of the surrounding circumstances.”
564 So.2d at 954 (emphasis added). See also Ex parte W.E., 64 So.3d 637, 638 (Ala.2010) (Murdock, J., concurring specially) (“[D]ependency is a status created by law that either is true of a child or is not.' That is, either a child is dependent or it'is not. A child cannot be dependent visa-vis one parent but not dependent as to the other parent. If the child is not dependent ‘as to one parent,’ then the child is not dependent.-”); Ex parte L.E.O., 61 So.3d 1042, 1057 (Ala.2010) (Murdock, J., dissenting)(“The issue whether a child is a ‘dependent child’ ... begs the question, dependent on whom? The logical and obvious answer — and the answer that has prevented the statute from being considered in conflict with [substantial] caselaw ... — is quite simply, the State.”).
Finally, I take particular note of the last reason given by the main opinion for the conclusion it reaches and how that final reason serves to buttress the other reasons given for that conclusion. As the main opinion notes, in § 2 of Act No. 2014-350, Ala. Acts 2014, the legislature explained:
“The Legislature finds that its original intent in the adoption of Act 2008-277, the Alabama Juvenile Justice Act, was for a juvenile court to exercise exclusive original jurisdiction in all termination of parental rights proceedings. The amen-datory language to Section 12-15-114, Code of Alabama 1975, provided in Section 1, is intended to be curative and shall apply retroactively for the purpose of ratifying and confirming the exercise of original jurisdiction of the juvenile court to hear and adjudicate termination of parental rights cases filed in juvenile court on and after January 1, 2009, and prior to the effective date of this act [April 8, 2014].”
With this language, the legislature intended to clarify and confirm the meaning of the 2008 amendments to the Alabama Juvenile Justice Act. Clarifying or confirm *197 ing the intent of some previously adopted statute has been acknowledged and accepted as an appropriate purpose of a legislative enactment. Although a subsequent expression by a legislature of the intended meaning of some prior statute is not binding on this or any court in fulfilling its responsibility to interpret the prior statute, a subsequent expression of this nature certainly should be considered. See, e.g., Cofer v. Ensor, 473 So.2d 984, 1006 (Ala. 1985) (“‘It is presumed that an amendment is made to effect some purpose, which may be either to alter the operation and effect of earlier provisions or to clarify the meaning thereof....’ 82 C.J.S. Statutes § 384, pp. 897-898 (1953).” (emphasis omitted)); T-Mobile South, LLC v. Bonet, 85 So.3d 963, 979 (Ala.2011) (cited in’the main opinion for the proposition that an enactment in which the legislature “seeks to clarify” some previous statutory language must “be considered” by the court). Although I would be inclined to find sufficient to the task the other reasons stated by the main opinion for its conclusion, especially when those other reasons are considered cumulatively, I also fully agree with the main opinion that the language of the Act No. 2014-350 amendment means that there can be no appreciable doubt at to that conclusion.
STUART, J., concurs.

. In T.K., however, the Court of Civil Appeals found the child to be “dependent,” notwithstanding the fact that there, was a parent (the petitioning, noncustodial parent) who alleged to be, and was found to be, a fit, willing, and able parent for the child. Based on its purported finding that the child was dependent, the Court of Civil Appeals held that the case was a dependency case within the jurisdiction of the juvenile court; rather than a mere custody dispute, which would have fallen within the jurisdiction of the circuit court. T.K., 82 So.3d at 4.